# STATE v. WINSLOW.

No. 1691. Decided May 12, 1906 (85 Pac. 433).

1. CRIMINAL LAW —EXPERT TESTIMONY — INCEST — FORCIBLE INTERCOURSE.—Where in a prosecution for incest, the female testified that the intercourse was by force, expert testimony tending to show that there had been a forcible penetration of the vagina was admissible.

2. INCEST— EVIDENCE— COMPLAINT BY PROSECUTRIX.— Where, in a prosecution for incest, the female testified that the act was committed with force, and against her will, testimony that she had made a complaint shortly after the offense was admissible.

3. SAME.—In a prosecution for incest, a question as to whether prosecutrix had made complaint of her father having had carnal knowledge of her was objectionable, because assuming and stating the name of the accused.

4. INCEST — ELEMENTS OF OFFENSE — INTERCOURSE BY FORCE.—Under Revised Statutes 1898, section 4211, declaring that if any person · related to another person within the fourth degree of consanguinity shall have sexual intercourse with such other related person with knowledge of the relationship the person so offending shall be deemed guilty of incest, a father having intercouse with his daughter may be convicted of incest, though the daughter did not consent, and the intercouse was had by force.

5. INDICTMENT — INCEST — CONVICTION OF ATTEMPT. Under Revised Statute 1898, section 4893, declaring that the jury may find the defendant guilty of any offense necessarily included in that with which he is charged or of an attempt to commit the offense, a person indicted for incest may properly be convicted of an attempt to commit that crime.

APPEAL from District Court, Second District; J. A. Howell, Judge.

J. H. Winslow, Jr., was convicted of attempt to commit incest, and appeals.

AFFIRMED.

*Henderson & MacMillen* for appellant.

*M. A. Breeden,* Attorney-General, for the State.

STRAUP, J.

1. The defendant was convicted of an attempt to commit incest on his daughter, then between eleven and twelve years of age. At the time in question the defendant occupied a cot in a sleeping room, and his daughter, with several smaller children, occupied a bed in the same room. Defendant's wife, who, about two weeks prior to the commission of the offense, was confined, occupied, with an attendant, an adjoining room. On the evening in question the defendant had retired and when his daughter entered the room, also to retire, and commenced undressing, he called to her to lie down with him. She did so. He caressed her and then unpinned and raised her garments and attempted to have sexual intercourse with her. She said he penetrated her "about that far," (indicating) which counsel, on cross-examination, said was about three-quarters of an inch, and she said, "about that." She testified that she did not consent to the act, and tried to pull away from the defendant but was unable to do so because he held her; that he attempted intercourse with her the second time, and then dropped off to sleep; she said it hurt her, but she did not call out to her mother because she was frightened. After the second attempt she left his cot, and sat on her bed thinking whether she should tell her mother. After a few minutes she went into her mother's room and told her. Her mother asked her to go with her into the defendant's room and there repeat in his presence what she had said to her. At first the girl hesitated because of her excitement and fear of the defendant, but finally did so. The defendant said, "I didn't, did I, Mandy?" She said that he did. The defendant arose, knelt before his wife and begged forgiveness. She told him to take his bed and go in the kitchen. The defendant went into the kitchen and there walked back and forth crying and calling himself names. The chief of police and several other officers testified that the defendant, at the time of his arrest, said that he had attempted to have intercourse with his daughter, but then thought of the wrong he was doing, and quit.

2. The first error assigned relates to the admission of tes-

timony. Dr. Forbes, on behalf of the state, testified that he, on a certain date, which was five or six days after the offense was alleged to have been committed, made an examination of the vaginal parts of the prosecutrix and was asked to state what he observed about their condition. This was objected to as being irrelevant, incompetent, and immaterial "for the reason that you cannot prove incest in this manner." The objection being overruled, the witness answered, that there was a superficial inflammation of the mucus membrane of the vagina or entrance to it, an irritation or redness and a soreness. On cross-examination he said that the inflammation extended as far as he could observe; that he thought it not possible for a full grown man to enter the vagina very far, but that it might be done for three-quarters of an inch; and that he couldn't tell when the injury which caused the inflammation took place, or what caused it. Thereupon a motion was made to have the testimony stricken, which was also overruled. It is now claimed by appellant that incest involves a voluntary connection, and, while this evidence might be material and competent in rape, it is immaterial and incompetent in incest, and, further, because it was not shown that the girl was in the same condition at the time of the examination as at the time of the commission of the offense. We see no force to these objections. The testimony was properly received as tending to corroborate the statement of the prosecutrix that her person had been violated. The time was not so remote but that a jury might say it was the defendant's act that caused the condition of the prosecutrix as described by the witness. (*People v. Stratton,* 141 Cal. 604, 75 Pac. 167.; *Commonwealth v. Lynes,* 142 Mass. 577, 8 N. E. 408, 56 Am. Rep. 709.)

3. Mary Eastman, a witness on behalf of the state, was asked: "Did Amanda Winslow [the prosecutrix] make any complaint to you at any time about her father having any carnal knowledge of her?" Over defendant's general objection, she answered, "Yes, sir." She did not remember the date, but said that she remembered the day that the girl went to the doctor's office and that it was three or four days before

that. The witness could not remember whether the prosecutrix told her the day it (the injury) occurred. On cross-examination she said that she knew the prosecutrix went to the doctor's office from what she told her. A motion was made that all the evidence be stricken. Court: "I think the whole may go out excepting that portion concerning a complaint made to the witness." Defendant's counsel: "About the injury?" Court: "About the injury." The testimony, therefore, left standing, was to the effect that the prosecutrix made complaint to the witness about the injury. The prosecutrix having herself been a witness in the case, the state had the right to show whether she made complaint of injury, when and to whom, and had the right to prove such fact by the person to whom the complaint was made. (*State v. Neel*, 21 Utah 155, 60 Pac. 510; 3 Greenleaf Ev. section 213.)

The appellant concedes this right in a rape case, but denies it in a case of incest. This might well be true in a case of incest where the act of intercourse was a concurring assent of both parties and where, therefore, the female would be an accomplice. But here the prosecutrix had not consented as a matter of fact; and, because of her age, under the statute, she was legally incapable of yielding consent. In such a case we perceive no good reason why the rules of evidence here under consideration do not obtain the same as in a case where the charge is rape. The reasons, as stated by the authorities, rendering this kind of evidence admissible in a case of rape equally exist in all cases where the person of the female was, or was attempted to be, violated forcibly, and without her consent, and where she is not an accomplice. It is, however, urged by appellant that to make the evidence admissible it must be part of the *res gastae*. That is not the rule. When the complaint is a part of the *res gestäe,* then not only the fact of the complaint may be given in evidence, but also the particulars and the things said and done as a part thereof. When it is not a part of the *res gestae,* as this was not, then only the fact that complaint was made of the injury, to whom it was made and when may be given except

when elicited on cross-examination, or by way of confirming the testimony of the prosecutrix after it has been impeached. It is admitted, not on the theory of *res gestae*, but as a fact corroborative of the testimony of the prosecutrix. *State v. Neel, supra,* and cases cited. The evidence being restricted as it was by the court, no error was made in the ruling. While it was not shown definitely on what day the complaint was made to the witness, it was, however, sufficiently made to appear to have been recently after the commission of the alleged offense. Besides, no objection was made on this ground, and no complaint is here made, that the evidence lacks the required proof that the complaint was made recently. Again, the question asked the witness whether the prosecutrix made complaint of her "father" having carnal knowledge of her is objectionable, under the authorities, because assuming and stating the name of the person who committed the assault or injury. (*Bean v. People,* 124 Ill. 576, 16 N. E. 656; *Stephen v. State,* 11 Ga. 225; *People v. Lambert,* 120 Cal. 170, 52 Pac. 307; *Thompson v. State,* 38 Ind. 39; *State v. Robertson,* [La.], 58 Am. Rep. 201; 1 Wharton Crim. L. section 566; Bish. Crim. Pro.) But no such or other sufficient objection was made. *Bean v. People,* supra. Nor is there any such complaint made here. Though it were conceded to have been objectionable, we think whatever error, if any, was committed with respect thereto, was cured by the court's striking all objectionable matter.

4. It is further urged that the court ought to have directed a verdict for the defendant, because the evidence on the part of the state showed that the prosecutrix had not yielded consent; and, therefore the defendant was guilty of rape or an attempt to commit rape, and could not, for that reason, be convicted of incest or an attempt to commit incest. This presents the question as to whether a defendant charged with incest can be convicted thereof if the evidence shows that he forcibly had carnal knowledge of the female, and without her consent. It seems, under some statutes, it has been held that he cannot be so convicted. (*De Groat v. People,* 39 Mich. 124; *State v. Jarvis,* 20 Or. 437, 26 Pac. 302, 23 Am. St.

Rep. 141; *State v. Ellis*, 74 Mo. 385, 41 Am. Rep. 321.) This conclusion is reached by the courts in the foregoing authorities largely because of the wording of the statute defining incest—shall have intercourse "together," or with "each other," which, they say, necessarily implies a concurrent act and the consent of both parties; and if one of the parties is compelled by force to submit to the act, there can be no consent of such party, and, therefore, the act cannot be committed "together," or with "each other." But the great weight of authority is to the effect that when the incestuous fornication is shown to have been committed by the defendant with full knowledge of the relationship between himself and the other participant, though he used force in the accomplishment of his object, he may, nevertheless, be convicted of the crime of incest. If the female be not guilty because of a want of consent to the act, it does not change the character of the act so far as the defendant is concerned, if, on his part, it was willingly and knowingly done. He must be held to answer for the consequences of his own act done with his knowledge and consent. When the defendant, with full knowledge of the relationship between himself and the female, willingly on his part, has sexual intercourse with the female, the crime of incest, so far as he is concerned, is complete. His own guilt is not made to depend upon the mental condition of the female. The defendant's guilt here is measured by his knowledge and intent, and not by the knowledge and intent of his daughter on whom he committed the offense. (*People v. Stratton*, 141 Cal. 604, 75 Pac. 166; *People v. Kaiser*, 119 Cal. 456, 51 Pac. 702; *Norton v. State*, 106 Ind. 163, 6 N. E. 126; *State v. Nugent*, 20 Wash. 522, 56 Pac. 25, 72 Am. St. Rep. 133; *David v. People*, 204 Ill. 479, 68 N. E. 540; *Smith v. State*, 108 Ala. 1, 19 South. 306, 54 Am. St. Rep. 140; *State v. Hurd*, 101 Iowa, 391, 70 N. W. 613; *State v. Kouhns*, 103 Iowa, 720, 73 N. W. 353; *Raiford v. State*, 68 Ga. 672; *Porath v. State*, 90 Wis. 527, 63 N. W. 1061, 48 Am. St. Rep. 954; *Shelly v. State*, 95 Tenn. 152, 31 S. W. 492, 49 Am. St. Rep. 926; *Commonwealth v. Bakeman*, 131 Mass. 577, 41 Am. Rep. 248;

*Schwartz v. State*, 65 Neb. 196, 91 N. W. 190; Bishop Stat. Crimes, section 660.) We are also led to this conclusion because of the language of the statute, which is unlike those where the courts hold a mutual consent essential. Section 4211, Revised Statute 1898, defines incest as follows:

"If any person related to another person within and not including the fourth degree of consanguinity, computed according to the rules of the civil law, shall . . . have sexual intercourse with, such other so related person, knowing her or him to be within said degree of relationship, the person so offending shall be deemed guilty of incest."

Whatever force there is to the argument that mutual consent is necessarily implied by the use of the terms, shall have sexual intercourse "together," or with "each other," it does not equally apply to the Utah statute, "have sexual intercourse with, such other so related person." (*Baumer v. State*, 49 Ind. 544, 19 Am. Rep. 691; *Norton v. State*, supra.) The request was properly denied.

5. It is also urged that the defendant, on the charge of incest, cannot properly be convicted of an attempt to commit incest. Section 4893, Revised Statutes 1898, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of the attempt to commit the offense."

When a party proceeds far enough in the perpetration of a crime as to clearly indicate his intention, coupled with an attempt to carry it into effect, and thereafter desists or fails to consummate the crime he may be found guilty of an attempt. We see no reason why an exception should be made in the crime of incest. None is made by the statute, nor by the authorities. It is said,

"An attempt to commit incest has been said to contain two elements— an evil intention and a simultaneous resulting act which, if fully performed, would constitute the substantive crime." (16 Am. & Eng. Enc. L. 141.)

The authorities generally hold that on a charge of incest the defendant may be convicted of an attempt to commit incest. (*State v. McGilvery*, 20 Wash. 240, 55 Pac. 115;

*People v. Gleason,* 99 Cal. 359, 33 Pac. 1111, 37 Am. St. Rep. 56; *State v. Decker,* 36 Kan. 717, 14 Pac. 283; *State v. Blythe,* 20 Utah 381, 58 Pac. 1108.) If the defendant had sexual intercourse with his daughter, he committed incest. If he attempted to have sexual intercourse with her, but failed, we see no reason why he cannot properly be convicted of an attempt to commit incest. Here the evidence shows the defendant, with a criminal intent to commit incest, proceeded to the extent of a sexual contact, even to a penetration, as some of the evidence shows.

The record does not disclose any error. The judgment of the court below is therefore affirmed.

BARTCH, C. J., concurs in result. McCARTY, J., concurs.