## E. W. FOWLER v. STATE.

No. A-3676.    Opinion Filed Jan. 21, 1922.

(203 Pac. 900.)

(Syllabus.)

1.    **Statute Relating to Forged Instruments.** Any person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of the state, or of the United States, is guilty of a felony.

2.    **Forgery—Proof of Uttering Forged Instrument—Absence of Variance.** Proof of the ways and means and circumstances of uttering the false or forged instrument held sufficient, and not at variance with the allegations.

Appeal from District Court, Wagoner County; Chas. G. Watts, Judge.

E. W. Fowler was convicted of offering for record a false and forged instrument, and was sentenced to a term of one year in the state penitentiary, and he appeals. Affirmed.

E. A. Summers, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. E. W. Fowler, plaintiff in error, in this opinion referred to as the defendant, was by information filed in the district court of Wagoner county, September 7, 1918, charged with having, on September 1, 1916, feloniously and knowingly offered a false and forged instrument to be recorded in the office of the county clerk of Wagoner county, Okla., which instrument, if genuine, might have been recorded in said office. At the trial on April 11, 1919, the jury rendered a verdict of guilty against the defendant, without assessing the punishment. The court rendered judgment upon the verdict, fixing the punishment at imprisonment in the state penitentiary for

one year. From this verdict and judgment defendant appeals.

The prosecuting witness, Zeke Ford, was a Cherokee Indian, having an allotment of land in. the Cherokee country. According to the authenticated rolls of the Cherokee Nation, Zeke Ford became 21 years of age on September 1, 1916, although according to his own and others' testimony he was actually 21 years of age in March preceding. The defendant and others engaged in buying and trading Indian lands sought to obtain conveyances of portions of Ford's allotment at different times during the year 1916. As a witness Zeke Ford was confronted with the deed in question, and testified that he never executed or delivered the deed to any one and never acknowledged the same. He stated that some time in May of the same year in which the deed in question was filed for record he did make a deed of this land to another party, at the request of the defendant, and at the same time signed a deed in blank for the purpose, as he was told by the defendant, of making a copy of the deed which he had executed. There is evidence tending to show that the defendant took this deed which had been signed in blank and filled it out, making it appear that it was executed on September 1st, instead of in May. There is also some evidence tending to show that the false or forged deed which defendant offered for record may have been an entirely distinct and different deed from the blank deed signed by Zeke Ford in May.

The defendant himself testified that the deed in question was in fact executed by Zeke Ford at Wybark, in Wagoner county, in the early morning of September 1st, about 2 o'clock, and that Ford's acknowledgment was taken by defendant, as a notary public. Zeke Ford denied that he made a deed of any kind or character at Wybark that morning, and there is testimony in the record to corroborate his testimony.

From reading the information and the instructions of the court we find that this charge was predicated upon section 2209, R. L. 1910, which reads as follows:

"Any person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state, or of the United States, is guilty of felony."

The information charges, in substance, that the defendant committed the crime of knowingly and feloniously offering a false and forged instrument for record, describing the instrument and stating that said deed was neither signed, executed, nor delivered by the said Ezekiel Ford, nor had he authorized any one to sign, execute, or deliver the same for him, but that the same was false and forged, and known to be false and forged by the defendant when he knowingly and feloniously offered the same for record in the office of the county clerk of Wagoner county.

The court, over the objections and exception of the defendant, gave to the jury instruction No. 3, as follows:

"You are further instructed' that the' deed offered in evidence herein, marked 'State's Exhibit A,' is such an instrument which might be filed or registered or recorded in the office of the county clerk of Wagoner county, under the laws of this state.

"Therefore you are instructed that, if you find and believe from the evidence in this case beyond a reasonable doubt that the defendant, E. W. Fowler, on or about the 1st day of September, 1916, offered to file and did file with the county clerk of this county the deed heretofore mentioned, to be recorded in the office of said county clerk, and if you further find and believe from the evidence, beyond a reasonable doubt, that said deed was not a true and genuine deed of said Ezekiel Ford, that is to say, if you find and believe from the evidence

that prior to September 1, 1916, the defendant, E. W. Fowler, did fill in the blanks, that is to say, he wrote or caused to be written in said deed the following, to wit: 'Ezekiel Ford, a single man—one & No-100—Jas. A. Ferguson—Wagoner— east one-half of the northeast 4 of section twenty-four (24), township sixteen (16) north, range seventeen (17) east—a part of the Ezekiel Ford allotment—his—1st—September—6,' and that the said defendant, E. W. Fowler, wrote or caused to be written in said deed, in the acknowledgment thereof, the following words: 'Wagoner—1st—Sept.—6—Ezekiel Ford, a single man—he—his—E. W. Fowler, August 30, 1920,' and that the defendant E. W. Fowler placed his notorial seal thereof on said deed, as shown by said Exhibit A, without the knowledge or consent of said Ezekiel Ford, then and in that event the court instructs you that the filling in of the blanks in said deed, as herein mentioned, would be false and a forgery, and that the instrument would be a false and forged instrument, and not the act of the witness Ezekiel Ford, and if under such circumstances as herein just mentioned the defendant, E. W. Fowler, offered said instrument to the county clerk of Wagoner county for record; he would be guilty of offering a false or forged instrument for record, and it would be your duty to so find.''

The court also, over the objections and exception of the defendant, gave to the jury instruction No. 4, as follows:

''You are therefore instructed that, if you find and believe from the evidence in this case beyond a reasonable doubt that the defendant, E. W. Fowler, in this county and state, on or about the 1st day of September, 1916, and anterior to the filing of the information in this court, did offer a false and forged instrument for record, to wit, a deed, and did then and there willfully, wrongfully, unlawfully, feloniously, and knowingly offer a false and forged instrument, to wit, a warranty deed purporting to be dated September 1, 1916, signed by Ezekiel Ford, conveying the land heretofore described to Jas. A. Ferguson, to be recorded in the office of the county clerk of Wagoner county, Okla., and you further find and believe

from the evidence, beyond a reasonable doubt, that the deed was neither signed, executed, or delivered by the said Ezekiel Ford, or that he authorized any one to sign, execute, or deliver the same for him, but that the same was false and forged and was known to be false and forged by the defendant, E. W. Fowler, then in that event you should find the defendant guilty as charged in the information, and assess his punishment as herein instructed.''

It is contended by the defendant that instructions No. 3 and No. 4 are inconsistent with each other, presenting two different theories of law and fact to the jury, and that instruction No. 4 covers an issue of law and fact not raised in the complaint, and that there is therefore a fatal variance between the allegations of the complaint and the proof supporting the same. With this contention we cannot agree. Repugnancy often blends with variance. Repugnancy is two inconsistent allegations in one pleading; a variance is a disagreement between the allegations and the proof in some matter which, in point of law, is essential to the charge. There was no repugnancy in the allegations, and this is not a case where one crime was charged and another proved. The gist of this action is not the alteration or uttering of a false or forged instrument; it is the presenting for record of such an instrument. It would make no difference to either party how or under what circumstances the instrument was forged; the question for the jury was not whether the defendant committed forgery in any particular way, or place; it was whether the defendant presented a false or forged instrument for record. Under the allegations of the complaint the state had a right to show, under any theory of the case, or according to any chain of circumstances, that the instrument at issue was in fact a false or forged instrument.

One of the ways of determining whether there was a variance in the proof or whether the proof was duplicitous is to

inquire whether or not the defendant could be subjected to another prosecution growing out of the same transaction. It is apparent here that this defendant could plead former jeopardy against any charge of this nature growing out of the circumstances disclosed by this evidence.

The judgment of the trial court is affirmed.

DOYLE, P. J., concurs.

MATSON, J., not participating.