## ANDREW McBRAIN v. STATE.

No. A-7906. Opinion Filed June 6, 1931.

(300 Pac. 321.)

Drennan & Drennan, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Grant county of the crime of unlawful sale of intoxicating liquor, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for six months.

The information charged the sale by defendant of half a gallon of whisky to one R. J. Smith. The proof upon the part of the state is that the sale was made to M. E. Smith, who was another and a different person.

Where the information charges the offense to have been committed by one person, and the proof shows that it was committed by another person, there is a fatal variance between the allegation in the information and the proof.

The tests of fatal variances are: Was the defendant misled? Will he be protected against future proceedings? Mathews v. U. S. (C. C. A.) 15 F. (2d) 139.

Whether there was a fatal variance or duplicitous proof may be determined by inquiring whether defendant could plead former jeopardy. Fowler v. State, 20 Okla. Cr. 410, 203 Pac. 900.

In the case at bar the information alleges that the liquor was sold to R. J. Smith. The proof was that the sale was made to M. E. Smith, a son of R. J. Smith. It is evident that the defendant could not plead a conviction of a sale to R. J. Smith, as each would constitute a separate offense.

Defendant complains of other errors, but from the view we take of the case it is unnecessary to pass upon them.

For the reason stated, the cause is reversed.