### COHEN v. WILHELM et al.
### No. 4955.

Circuit Court of Appeals, Third Circuit.
Feb. 10, 1933.

544

Mortimer C. Rhone and J. Fred Katzmaier, both of Williamsport, Pa., for appellant.

Scott S. Leiby and Snyder, Miller, Hull & Hull, all of Harrisburg, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The alleged bankrupt (for convenience called the bankrupt) moved to dismiss the petition on the contention that no act of bankruptcy is sufficiently alleged. From an order of the District Court denying the motion on a holding that the assailed averments of acts of bankruptcy are fully informative and therefore sufficient, the bankrupt took this appeal in which he has raised two questions: One, whether the charges of acts of bankruptcy comply with the rules of pleading; the other, whether the entire petition is void because of repugnancy.

The acts of bankruptcy purported to be charged in the petition are those defined by section 3a (1, 2) of the Bankruptcy Act, 11 USCA § 21 (a) (1, 2), committed by a person "having (1) conveyed * * * any part of his property with intent to hinder, delay, or defraud his creditors," and having "(2) transferred, while insolvent, any portion of his property to * * * creditors * * * with intent to prefer such creditors over his other creditors. * * *"

To avoid lengthy quotations from the petition it will be enough to say there are three averments which allege three separate transfers of property by the bankrupt involving five acts of bankruptcy, preceded by a general declaration of their occurrence within four months of the petition and while the bankrupt was insolvent. All averments of acts of bankruptcy are clearly sufficient as to property conveyed, dates of deeds, and names of grantees. The trouble lies in the allegations of intent—a controlling element in these acts of bankruptcy—which, with reference to the first act are stated in the disjunctive—a transfer with intent to defraud creditors or with intent to prefer a creditor—and with reference to the second and third acts are stated in the conjunctive—other transfers with intent to defraud creditors and with intent to prefer a creditor. Finally, the fourth averment charges that all of the named transfers were made without consideration with intent to defraud creditors. Is this bad pleading—so bad as to be fatal to the whole petition?

We would not call it skilled pleading, yet in our judgment it is in the main good enough to meet the requirements of law that the petition, as a pleading, shall allege acts of bankruptcy and allege them in a way to show they are within the statute and adequately to inform the bankrupt what he is called upon to meet. That the petition avers acts of bankruptcy—indeed, many of them—such as are defined by the Bankruptcy Act (11 USCA) is clear. Certainly there is no deficiency in averments; there is rather a redundancy. But that does not mean there is, as between them, a repugnancy. Repugnancy in a pleading is an inconsistency or disagreement between statements of material facts. 3 Bouvier's Law Dictionary, 2903. As applied to the phrases of an averment in the instant pleading, which show one action with two intents, constituting in either case an act of bankruptcy, repugnancy is not to be found in the number of phrases or in a mere difference between them but in an inconsistency between them which destroys the effect of each other and which therefore, leaving nothing to go on, renders the averment void. We find nothing repugnant in the second and third alleged acts of bankruptcy—a transfer with intent to defraud and with intent to prefer—because, the first being effective without regard to the grantor's insolvency and the second being effective only when he is insolvent, both may be true or either may be true according to the facts which the petitioners may be able to prove; and when the averment tells the bankrupt all about it, and tells him as clearly as if told in two paragraphs averring the same facts and differing only in the intent, the bankrupt should be prepared to meet the case.

The first averment of an act of bankruptcy stated in the disjunctive—a transfer with intent to defraud or with intent to prefer—is, we think, bad for the reason that it leaves the bankrupt in doubt as to which act he is required to meet, particularly, whether he is required to meet the issue of insolvency under the alleged act to prefer. These two averments of intent are not inconsistent in the sense of destroying each other but when pleaded together in the disjunctive they give the petitioners an advantage which the law does not accord them and leave the bankrupt at a disadvantage against which the law of good pleading protects him.

Of course we find no repugnancy between the two good paragraphs averring acts of bankruptcy in the conjunctive on the one hand and the bad paragraph averring acts of bankruptcy in the disjunctive on the other hand, or between the two good paragraphs themselves, because each refers to a transfer of different properties and therefore as no paragraph is opposed to another, no one of them can destroy another and, in consequence, there is no legal inconsistency between them. Petitioners may charge as many acts of bankruptcy as the statute prescribes and as they can prove.

While we do not commend pleading two acts of bankruptcy in one paragraph, we agree with the learned trial judge that in this case it sufficiently and with certainty informs the bankrupt of what he is required to meet and thus performs the function for which a pleading is intended.

The order below is affirmed.