KNECHT v. CASTLEMAN RIVER R. CO.

No. 6984.

Circuit Court of Appeals, Third Circuit.

June 12, 1939.

Shaver & Heckman, James O. Courtney, and Ernest O. Kooser, all of Somerset, Pa., for appellant.

Frank W. Stonecipher and Stonecipher & Ralston, all of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The questions presented by the appeal at bar are entirely those of pleading.

. The appellant filed an original statement of claim and several amendments. By a motion filed April 28, .1938, he moved the court for leave to withdraw all amendments theretofore filed by him and to substitute paragraphs contained in his motion in lieu of certain allegations set forth in the original statement of claim. Consideration of this residuum of pleading shows that the appellant has alleged the following.

That at the time of the happening of the events complained of, the appellant was the owner of a machine shop and locomotive shed at West Salisbury, Pennsylvania; that upon March 27, 1927, he entered into an agreement in the form of a letter with Castleman Valley Railroad Company a predecessor corporation to the appellee, Castleman River Railroad Company. The pertinent portions of this letter, addressed to the appellant by Castleman Valley Railroad Company, are as follows:

"Dear Sir:
* * *

"Have our crew service the locomotive as much as possible, namely, drop the fire, clear the ash pan, fire box, wash out boiler, clean flues, arch, smoke box and tender, also do all the hostlering necessary to care for the locomotive to prevent fire and freezing, and we will assume the responsibility of fire that might occur from not keeping a hostler or watchman on said locomotives, while dead or otherwise, when in your shops.

"Our men will also drain and refill lubricators, pack oil sellars, furnish wood and fuel for lighting off the said engine. Our men will do this work gladly and will always fire up, and in this way you will only need to furnish us the mechanical help, necessary equipment and material to inspect, repair and Form in accordance with the I. C. C. rules. * * *"

.The pleadings also allege that the contract between the appellant and the appellee in so far as it was reduced to writing is embodied in the letter just set forth.

The pleadings allege also that the appellee employed the appellant to inspect the locomotive in his shed and with the assistance of the appellee's train crew to repair it when necessary and to certify it fit for use in accordance with the regulations of the Interstate Commerce Commission.

Paragraph III of the motion to amend the statement of claim contains the following specific allegation: "Said employment of plaintiff by defendant did not include service in the routine operation and handling of said locomotive which defendant's trainmen were competent to perform. * * * All work done by plaintiff for defendant 'was requested by defendant to be done under the supervision of defendant's officer in charge or superintendent."

Paragraph IV of the motion to amend the statement of claim alleges that: "In the repairing and certifying of said locomotive it was the duty of defendant, its agents and employees, to bring said locomotive to plaintiff's shed aforesaid clearing it of all fire at a point at least 250 feet from the said shed * * *; and the locomotive was then to be run into said shed by defendants on its own steam."

The pleadings further allege that on August 21, 1936, during business hours, at a time when the appellant's lomocotive shed was free of fire or any cause of fire and in a safe and normal condition, the appellee, by its employees, a train crew, brought the locomotive to the appellant's shed, removed the fire at a distance of about two hundred fifty feet from the shed and ran the locomotive into the shed and over a pit for the purpose, to quote the language of paragraph V of the motion to amend the statement of claim, "* * * of having the boiler of said locomotive washed out by the defendant's employees with plaintiff's steam at a later time, and for the further purpose of having said locomotive inspected and certified as fit for use, or repaired if necessary, * * * in accordance with Interstate Commerce Commission requirements. After doing work on said locomotive for a few minutes in said shed said train crew left said shed and went to plaintiff's adjacent machine shop."

The pleadings also allege that the appellant's foreman inspected the locomotive immediately and found no cause for fire within the locomotive or shed.

The pleading also alleges that immediately following the inspection referred to in the preceding paragraph a fire was discovered in the locomotive shed by the appellant; that the cab of the locomotive

was in flames, and the fire which originated in the locomotive cab was spreading to the side wall of the shed; and that the shed and business establishment of the appellant were destroyed by fire.

Paragraph VI of the motion to amend the statement of claim alleges: "Said loss occurred to plaintiff's property by reason of the negligence and carelessness of defendant, its agents and employees in placing and having in said locomotive in plaintiff's shed at the start of said fire a lighted cigarette or cigarettes, or other cause of fire which ignited inflammable materials in and upon said locomotive. * * *"

To these allegations the appellee filed an affidavit of defense, raising questions of law, the equivalent of a common law demurrer. The court below entered judgment for the appellee upon the affidavit of defense. The appeal at bar is taken from this judgment.

It will be observed from that portion of paragraph III of the motion to amend the statement of claim which we have quoted that it is alleged specifically that all work which was to be done by the appellant for the appellee was to be done under the supervision of the appellee. It will also be noted that this allegation is in contradiction to the terms set up in the letter between Castleman Valley Railroad Company and the appellant. Since the letter is addressed to him, its second paragraph, which is the first paragraph heretofore quoted, requires the appellant to have the appellee's crew service the locomotive. In other words the work to be performed by the appellee's train crew upon the locomotive was to be done under the direction and control of the appellant. Since the allegation made by the appellant that the work to be performed upon the locomotive was to be done under the appellee's supervision and the terms of the letter which we have quoted are repugnant, there is an inconsistency or disagreement between statements of material facts. Cohen v. Wilhelm, 3 Cir., 63 F.2d 543, 545. See also Monsarratt v. Equitable Trust Co., 14 Pa.Super. 541, and 3 Bouv.Law Dict., Rawles Third Revision Repugnancy, page 2903. As applied to the case at bar the inconsistency between these material allegations destroys the effect of both and therefore leaves nothing before the court upon the all-important issue of supervision and control of the locomotive while in the shed. The appellant therefore has deprived himself of an allegation essential to maintain his cause of action, viz., that though the locomotive was in his shed none the less it was subject to the dominion and control of the appellee's train crew. Since control of the locomotive supplies the test for the liability for the fire which occurred in it, we must hold, as did the court below, that the pleadings do not cast liability for the appellant's damages upon the appellee.

That portion of the letter which states that the Castleman Valley Railroad Company will assume the responsibility of fire which might occur from not keeping a hostler or watchman on the locomotive cannot aid the appellant's suit. Such a provision, usually employed, as it is employed here, in a contract between bailor and bailee, serves solely to relieve the appellant from liability to the appellee for damage arising by reason of the destruction of the locomotive by fire. The provision does not serve to impose liability upon the appellee for the appellant's damage growing out of the fire.

Upon the record before us we affirm the judgment of the court below.