EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VIRGINIO ORTIZ RIVERA, acusado y apelante.

*Número:* CR-64-15     *Resuelto:* 11 de marzo de 1965

---

[20] Obra citada, pág. 62.

*Juan A. Pujals,* abogado designado por el Tribunal Supremo para ofrecer asistencia legal al acusado en apelación; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante fue acusado de incesto. Se le imputaba haber yacido y tenido comercio carnal con su hija. Renunció al juicio por jurado. Fue declarado culpable del delito de incesto en grado de tentativa. Para sostener el recurso interpuesto contra la sentencia condenatoria alega "que la prueba del Pueblo era insuficiente para sostener el fallo."

La prueba fue al efecto de que el acusado mandó a buscar a su hija que estaba en la casa de la abuela. Al llegar su hija a la casa no lo encontró y se puso a coser unos panties; que al momento llegó su papá y la empujó encima de la cama y se le acostó encima. Declaró que no tenía puestos los panties y que el papá le alzó el traje. El acusado tenía abierto el zípper de los pantalones y estuvo como dos minutos encima de la menor. Sintió un dolor en el vientre y en la pelvis. Estando en esa posición parece que el padre vio a un primo de

la perjudicada que estaba mirando por un roto de la puerta, y se levantó, se subió el zípper y se marchó. El primo declaró que vio al acusado acostado en la cama al lado de la perjudicada y que parece que éste lo vio pues inmediatamente se levantó. Notó que tenía el miembro erecto. Cuando se levantó de la cama se lo introdujo en el pantalón y se subió el zípper.

Ésta fue la prueba que desfiló ante el juez que conoció del caso. La defensa no presentó prueba. Si bien es verdad que hubo ciertas contradicciones en la prueba, son tan insustanciales que en nada alteran el hecho de que el acusado intentó tener contacto carnal con su hija.

El precepto penal que castiga el incesto—Art. 188 del Código Penal, 33 L.P.R.A. 1116—vino a nuestro ordenamiento legal del estado de California. En aquel Estado la Corte Suprema en *People* v. *Gleason*, 35 Pac. 1111 (1893), resolvió que el delito de incesto podía cometerse en grado de tentativa. A ese efecto expresó que si se demostraba la intención de cometer incesto, y se realiza algún acto tendente a ese propósito, se comete el delito en grado de tentativa, y que no tenía importancia el hecho de que no se consumara el acto. Recientemente la Corte Suprema de aquel Estado ratificó esta doctrina en *People* v. *Downer*, 372 P.2d 107 (1962). Expresó más detalladamente la doctrina en ciertas reglas:

"(1) El delito de tentativa de incesto se consuma cuando existe suficiente evidencia para demostrar la concurrencia de (a) la intención de cometer dicho delito, unido a (b) actos directos que, aunque sin resultado, se hayan realizado con el fin de cometerlo.

"(2) Para constituir tentativa de incesto, la conducta del acusado debe extenderse más allá de la mera preparación y debe llegar hasta el punto dirigido a la realización del fin perseguido que equivalga al inicio de la comisión del delito.

"(3) Siempre que la intención de una persona de cometer un crimen se demuestre con claridad, los actos triviales encaminados a dicha comisión constituyen una tentativa.

"(4) Para que se cometa el crimen de tentativa de incesto, no es indispensable que ocurra la penetración."

■ En el estado de Utah, al considerarse esta misma cuestión, en *State* v. *Winslow*, 85 Pac. 433 (1906), se expresó lo siguiente:

"Se alega también que el acusado de incesto no puede propiamente ser convicto de tentativa de cometer incesto. La sección 4893, Rev. St. 1898, dispone: 'El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo.' (1) Cuando en la perpetración de un delito la conducta de una persona llega tan lejos como para demostrar claramente su intención, unida a la tentativa de cometerlo, y luego desiste o no logra consumar el delito, dicha persona puede ser declarada culpable de tentativa. No vemos razón alguna por la cual deba hacerse una excepción en el caso del delito de incesto. No la hacen ni el estatuto ni las autoridades. Se dice, 'se ha sostenido que la tentativa de cometer incesto contiene dos elementos—una intención perversa y el acto simultáneo que, de llevarse a cabo en su totalidad, constituiría el delito en sí.' 16 Am. & Eng. Enc. L. 141. Generalmente las autoridades sostienen que bajo una acusación del delito de incesto, el acusado puede ser declarado culpable de la tentativa de cometerlo."

Ver, además, *State* v. *Lutheran*, 82 N.W.2d 507 (S.D. 1957); *State* v. *McGilvery*, 55 Pac. 115 (Wash. 1898).

■ Los hechos del caso de autos enmarcan perfectamente en las reglas antes expuestas. La prueba claramente demostró la intención de cometer el delito de incesto, así como actos directos conducentes a su consumación. El hecho de que no se concretaran carece de importancia.

*Se confirmará la sentencia apelada.*

---

(1) Igual disposición aparece en el Art. 286 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1117. La vigente Regla 147 de las de Procedimiento Criminal dispone:

"El acusado podrá ser declarado culpable de la comisión de cualquier delito inferior necesariamente comprendido en el delito que se le imputa; o de cualquier grado inferior del delito que se le imputa; o de tentativa de cometer el delito que se le imputa o cualquier otro delito necesariamente comprendido en él, o de cualquier grado que el mismo tenga, si tal tentativa constituye, por sí misma, un delito."