**STATE of Utah, Plaintiff and Respondent,**

v.

**John Donald PETERS, Defendant
and Appellant.**

**No. 14177.**

Supreme Court of Utah.

May 19, 1976.

Stephen R. McCaughey, of Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a jury trial conviction of violation of Title 76-5-404 (Forcible Sexual Abuse), Utah Code Annotated 1953, as amended,—a third-degree felony.

Defendant urges that the trial court erred in not requiring the State to prove absence of rape and attempted rape,—both third-degree felonies,—as a condition precedent to conviction of the 76-5-404 offense charged, which reads:

A person commits forcible sexual abuse if, *under circumstances not amounting to rape . . . or attempted rape . . .* [or other specified acts, etc.]

Counsel cites only two cases to support his urgence: *Mullaney v. Wilbur* [1] and *State v. McCoy.* [2]

The *Mullaney* case is not in point, since it has to do with a Maine statute that put the burden of proof· *on the defendant* to show he committed a lesser offense to prove he did not commit murder. The court simply said such a statute was unconstitutional as wanting in due process, —as obviously and correctly it should have done.

In the *McCoy* case [3] it was said the State had the burden of showing there was not a lesser crime before convicting for the *greater.* That case obviously favors the accused and may result in his conviction of a lesser offense or an acquittal. The problem there is not before us and is one we need not decide.

In the instant case the reverse is true. Counsel would have us require the State to prove there was no rape,—a *greater* crime,—in order to prove a *lesser* crime. Such a course, in logic, obviously is inimical to the interests of the accused.

It is our belief and conclusion that the only rule that is realistic and makes sense is that the State need prove only that which it has charged and should be able to ignore

1. 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

2. 521 P.2d 1074 (1974).

3. Which was decided not by the Oregon Supreme Court, but an intermediate Oregon court.

proof as to lack of any greater offense to which the accused just may be required to respond.[4]

ELLETT, TUCKETT, CROCKETT and MAUGHAN, JJ., concur.

4. For a kindred but not identical situation, see *State v. Porter,* 28 Utah 2d 364, 502 P.2d 1147 (1972).