STATE of Utah, Plaintiff and Appellee,

v.

Eugene MONTOYA, Defendant and Appellant.

No. 920441–CA.

Court of Appeals of Utah.

Jan. 11, 1996.

Ronald S. Fujino, Elizabeth A. Bowman, and Robert K. Heineman, Salt Lake City, for Appellant.

Kenneth A. Bronston and Jan Graham, Salt Lake City, for Appellee.

Before GREENWOOD, JACKSON and WILKINS, JJ.

WILKINS, Judge:

Following his conditional plea of no contest to the charge of incest, Eugene Montoya appeals "the narrow legal question of whether the State correctly charged [him] and recited the elements of Incest in the Amended Information." We affirm.

## BACKGROUND

In April 1991, the State charged Montoya with one count of aggravated sexual assault,

a first degree felony, in violation of section 76–5–405 of the Utah Code, and one count of incest, a third degree felony, in violation of section 76–7–102. According to the information, Montoya allegedly took his adult daughter to a motel where he "beat her, and forced her to have sex with him on several occasions between February 22, 1991 and February 25, 1991."

In September 1991, Montoya filed a motion to compel the State to elect between the two charges, arguing that "these charges are mutually exclusive and the same facts cannot support both allegations because they cannot both be true." At a hearing on the motion, Montoya also asked the trial court to amend Count II of the information, the incest charge, "to comport with the terms of the statute." The trial court then granted the State leave to amend the information to correctly charge incest and to plead it in the alternative to aggravated sexual assault.

Although the State did file an amended information listing the two offenses in the alternative, Montoya moved to dismiss for lack of jurisdiction, claiming that the incest charge still failed to comport with the statutory language by omitting the phrase "under circumstances not amounting to rape, rape of a child or aggravated sexual assault," contained in section 76–7–102. According to Montoya, the incest charge did not list all the requisite elements and therefore did not constitute a crime and did not provide him with adequate notice. Montoya further argued that the State could not charge both aggravated sexual assault and incest, alleging that the conflicting nature of the two crimes impermissibly required him to defend against "rape" and "not rape." Montoya also requested a bill of particulars and again moved the trial court to compel the State to elect one of the two charges.

In March 1992, Montoya entered a conditional plea of no contest to the incest charge, preserving his right to appeal his claims that the State incorrectly charged him and failed to recite all the elements of incest in the amended information. The trial court accepted the plea, and Montoya appealed.

Without addressing the merits of Montoya's "improper charge" arguments, this court vacated his conditional plea, concluding that "the trial court should not have accepted the conditional no contest plea since an appeal of the purportedly preserved issue [would] not necessarily end the prosecution of the case." *State v. Montoya,* 858 P.2d 1027, 1030 (Utah App.1993) (construing *State v. Sery,* 758 P.2d 935 (Utah App.1988)).

However, the supreme court granted certiorari and reversed the prior decision of this court. *State v. Montoya,* 887 P.2d 857, 857 (Utah 1994). The court then remanded the matter for our consideration of Montoya's "improper charge" arguments. *Id.* at 860.

## ANALYSIS

■ We first consider Montoya's claim that incest and aggravated sexual assault constitute repugnant theories, requiring proof of contradictory facts. This argument presents a legal question for our determination. *See State v. Pena,* 869 P.2d 932, 935 (Utah 1994) (indicating that "legal" determinations are "those which are not of fact but are essentially of rules or principles uniformly applied"). Montoya's claim that the State failed to properly charge incest in the amended information, thereby failing to provide him with adequate notice, also presents a legal question. *See State v. Wilcox,* 808 P.2d 1028, 1031 (Utah 1991).

### I. Alleged Repugnancy of the Two Claims

■ Generally, the State can charge offenses in the alternative. *See* Utah R.Crim.P. 4(i) ("Use of the disjunctive rather than the conjunctive shall not invalidate the indictment or information."). However, incest and aggravated sexual assault cannot be charged in the same information, even in the alternative, if they constitute repugnant theories. *See State v. Butler,* 560 P.2d 1136, 1138 (Utah 1977) ("[T]he information itself may be in the disjunctive. And the State need not make an election ... if the theories specified in the information are not repugnant to each other." (footnotes omitted)).

Utah case law has declared that theories "are not repugnant unless proof of one disproves the other." *State v. Tillman,* 750 P.2d 546, 567 n. 73 (Utah 1987) (citing *State*

v. *Richardson,* 24 Wash.App. 302, 600 P.2d 696, 698 (1979)), *cert. denied,* —— U.S. ——, 114 S.Ct. 706, 126 L.Ed.2d 671 (1994). The *Tillman* case went on to state that the alternative theories charged in that case were not repugnant because "proof *of facts* supporting a finding of one [theory] would not necessarily disprove *facts* concerning any of the other [theories] charged." *Id.* (emphasis added).

Other jurisdictions have similarly defined repugnancy as "an inconsistency or disagreement between statements of material facts" in a pleading, *Cohen v. Wilhelm,* 63 F.2d 543, 545 (3d Cir.1933), "a contradiction between material allegations" in a count of an indictment, *Sunderland v. United States,* 19 F.2d 202, 208 (8th Cir.1927), "two inconsistent allegations in one pleading," *Fowler v. State,* 20 Okla.Crim. 410, 203 P. 900, 902 (1922), and "allegations inconsistent with each other in the same count, all of which cannot be true," *Helmus v. State,* 397 S.W.2d 437, 438 (Tex. Crim.App.1965).

■ When the prosecution makes contradictory allegations of fact in an indictment or information, it denies a criminal defendant his right to adequate notice, failing to inform him of the theory the prosecution hopes to establish at trial and thereby prejudicing his ability to prepare a full and complete defense. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...."); *see also* Utah Const. art. I, § 12 ("In criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him...."). Furthermore, allowing the prosecution to present such conflicting theories of fact to the jury would place unacceptable burdens on the defense and would offend our notions of fairness and due process.

■ On the other hand, if the facts required to prove the crimes of incest and aggravated sexual assault are not inconsistent with each other, in that proof of one required fact or element does not necessarily disprove another required fact or element, then the crimes are not repugnant and can be charged in the alternative. The fact that a defendant cannot be convicted of *both* incest and aggravated sexual assault does not alone make the crimes repugnant.

Section 76–5–405(1) provides that "[a] person commits aggravated sexual assault if in the course of rape ... the actor ... (a) causes bodily injury to the victim; [or] (c) compels ... the victim to submit to rape ... by [improper] threat."[1] Utah Code Ann. § 76–5–405(1) (1990). Accordingly, to prove aggravated sexual assault in this case, the State would have to allege and prove that Montoya had sexual intercourse with his daughter, without her consent,[2] and that he caused her physical injury or used unlawful threats during the commission of the offense.

On the other hand, section 76–7–102 establishes that "[a] person is guilty of incest when, under circumstances not amounting to rape ... or aggravated sexual assault, he has sexual intercourse with a person whom he knows to be an ancestor, descendant," or some other close relation. Utah Code Ann. § 76–7–102 (1990).

Montoya argues that the "repugnancy" rule applies to this case because he is otherwise forced to defend against "rape" and "not rape." He claims that the "under circumstances not amounting to" language in the incest statute adds an essential element to that crime. What Montoya is really arguing is that he is forced to defend against allegations of "consensual intercourse" and "nonconsensual intercourse," both of which cannot be true.

However, "consent" has never been a required element of incest. *See State v. Winslow,* 30 Utah 403, 407–08, 85 P. 433, 435 (1906). In *Winslow,* the defendant's daughter testified that she did not consent to the act and tried to get away. *Id.* at 404, 85 P. at 434. The defendant argued on appeal that under these circumstances he would be guilty

---

1. These are the only theories of aggravated sexual assault espoused by the State in this case.

2. "A person commits rape when the actor has sexual intercourse with another person ... without the victim's consent." Utah Code Ann. § 76–5–402(1) (1990).

of rape but not incest. *Id.* at 407, 85 P. at 435. The supreme court concluded:

> [T]he great weight of authority is to the effect that when the incestuous fornication is shown to have been committed by the defendant with full knowledge of the relationship between himself and the other participant, though he used force in the accomplishment of his object, he may, nevertheless, be convicted of the crime of incest.... The defendant's guilt here is measured by his knowledge and intent, and not by the knowledge and intent of his daughter on whom he committed the offense.

*Id.* at 408, 85 P. at 435. Indeed, the only states requiring consent as an element of incest have statutorily defined incest as two related persons having intercourse "together" or "with each other." *See id.;* L.S. Tellier, Annotation, *Consent as an Element of Incest,* 36 A.L.R.2d 1299 (1954); *see also* 2 Charles E. Torcia, Wharton's Criminal Law § 244 (15th ed.1994) ("Under the prevailing view, the crime of incest does not require the consent of both parties.").

■ The only relevant change to Utah's incest statute since the *Winslow* case is the addition, in 1983, of the language "under circumstances not amounting to rape, rape of a child or aggravated sexual assault." *See* Act of March 9, 1983, ch. 88, § 31, 1983 Utah Laws 421. Nevertheless, this additional language does *not* require the State to prove consent or to otherwise prove there was no rape. *See State v. Peters,* 550 P.2d 199, 199–200 (Utah 1976). In *Peters,* the defendant argued that the trial court erred by not requiring the State to prove absence of rape or attempted rape when the statute under which he was charged read: "A person commits forcible sexual abuse if, *under circumstances not amounting to rape ... or attempted rape....*" *Id.* at 199 (quoting Utah Code Ann. § 76–5–404 (1953, as amended)) (emphasis in original). The supreme court disagreed, holding that "the only rule that is realistic and makes sense is that the State need prove only that which it has charged and *should be able to ignore proof as to lack of any greater offense.*" *Id.* at 199–200 (em-

phasis added). This rule applies equally to our case.

■ Accordingly, consent is not a requisite element of incest. Neither has the State alleged consensual intercourse in this case. Thus, there is no material factual inconsistency between incest and aggravated sexual assault. The two crimes are not repugnant and can be charged in the alternative.

The primary purpose of the "under circumstances not amounting to" language was likely to encourage criminal punishment under those greater crimes when the evidence in a particular case warrants it. Because the State in this case charged the two crimes in the alternative, this purpose would not have been frustrated had the case proceeded to trial. If the evidence at trial had proven circumstances *amounting to* aggravated sexual assault, then the jury would have convicted Montoya of that crime and could not, under the statute, have also convicted him of incest. If, on the other hand, the evidence proved circumstances *not* amounting to aggravated sexual assault or rape, then the jury could have convicted Montoya on the incest charge if the evidence so warranted.

Furthermore, Montoya's defense was not prejudiced by the alternative charges. His defense to both crimes was that he had *no sexual intercourse* with the victim. If he wanted to argue "consent," that would be a valid defense to aggravated sexual assault and would have no bearing on the incest charge since incest only requires sexual intercourse without regard to consent. In addition, even if Montoya had admitted to intercourse, he could have argued (1) that the victim consented, as a defense to aggravated sexual assault, and (2) that he did not know he was having sex with his daughter, as a defense to incest.

If Montoya did knowingly have sex with his daughter, he finds himself lacking a defense because he has committed a crime. In such a case he has at least committed incest, and, if he acted without consent, he has committed rape or aggravated sexual assault.

No technicality in pleading—which Montoya hopes will require the State to elect between the charges—should excuse his alleged

criminal conduct in this case. In *State v. Howell*, the Utah Supreme Court recognized that

> a criminal trial is much more than just a contest between the State and an individual which is determined by strategies appropriate to determining the outcome of a game. A primary purpose of a criminal trial is the vindication of the laws of a civilized society against those who are guilty of transgressing those laws. The process, however, must be based on procedures which are consonant with fairness both to the defendant and the State.
>
> . . . .
>
> [W]hen evidence of a defendant's criminal conduct has been placed before a court of justice, . . . it would be a mockery of our criminal laws for a court to ignore a proved crime and acquit on the charged crime, *when the defendant is not prejudiced in presenting a full and complete defense to the proved crime.*

649 P.2d 91, 94–95 (Utah 1982) (emphasis added).

The State acted within the bounds of the law by charging aggravated sexual assault and incest in the alternative. Montoya's defense was not prejudiced for lack of notice or ability to prepare a defense. No material facts have been, nor need be, alleged which are inconsistent or contradictory.

## II. Alleged Improper Charging of Incest

Montoya also argues that the State failed to properly charge incest in the amended information by omitting the "under circumstances not amounting to" language in section 76–7–102. Montoya claims that this allegedly defective pleading omits an essential element of the crime of incest and also fails to provide him with adequate notice in order to prepare a defense.

■ Rule 4 of the Utah Rules of Criminal Procedure simply requires that "[a]n indictment or information shall charge the offense for which the defendant is being prosecuted by using the name given to the offense by common law or by statute or by stating in concise terms the definition of the offense *sufficient to give the defendant notice of the charge.*" Utah R.Crim.P. 4(b) (emphasis added). The amended information clearly identified the offense as "INCEST, a Third Degree Felony, . . . in violation of Title 76, Chapter 7, Section 102, Utah Code Annotated 1953, as amended." This charge met the requirements of Rule 4.

■ In addition, a criminal defendant's right to adequate notice requires "that the elements of the offense be alleged." *State v. Wilcox*, 808 P.2d 1028, 1032 (Utah 1991). Nevertheless, as we have already established, the omitted statutory language did not constitute a discrete element of the crime of incest. Furthermore, the amended information stated the charge with sufficient specificity to protect Montoya from multiple prosecutions for the same crime and to give notice sufficient for Montoya to prepare a defense. *See id.* (detailing what criminal defendant's constitutional right to adequate notice requires of State). Accordingly, the amended information properly charged and defined the crime of incest.

## CONCLUSION

The offenses of aggravated sexual assault and incest do not require proof of contradictory facts. Accordingly, the two crimes are not repugnant and can be charged alternatively in the same information.

Furthermore, the "under circumstances not amounting to" language of section 76–7–102 did not create a required element of incest. The State does not have to prove absence of rape, rape of a child, or aggravated sexual assault when seeking a conviction for incest. Accordingly, the amended information sufficiently met the Rule 4 and constitutional requirements.

Because Montoya has failed on appeal, his conditional plea of no contest to incest shall not be disturbed. We affirm his conviction and order him to serve the sentence imposed prior to his release pending appeal.

GREENWOOD and JACKSON, JJ., concur.