**STATE of Utah, Plaintiff and Appellee,**

v.

**Eugene MONTOYA, Defendant and Appellant.**

**No. 920441–CA.**

Court of Appeals of Utah.

Aug. 12, 1993.

Ronald S. Fujino (argued), Elizabeth A. Bowman, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Kenneth A. Bronston (argued), Asst. Atty. Gen., Governmental Affairs, Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and RUSSON, JJ.

BENCH, Judge:

Defendant entered a conditional plea of no contest, purportedly preserving his right to appeal the denial of his motion to dismiss based on alleged inadequacies in the information that charged him with incest. We vacate the trial court's acceptance of defendant's plea and remand for further proceedings.

## FACTS

Defendant, age 53, allegedly took his daughter, Nanette, age 35, to two different motels where he "beat her, and forced her to have sex with him on several occasions between February 22, 1991 and February 25, 1991."

In April 1991, defendant was charged by information with aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. § 76–5–405 (1990), and incest, a third degree felony, in violation of Utah Code Ann. § 76–7–102 (1990). In September 1991, defendant filed a motion "to compel the state to elect which charge they intend to proceed on prior to trial."

In early October 1991, the court held a hearing on defendant's motion. Defense counsel indicated at the hearing that she had hoped that the incest and aggravated sexual assault charges would be "charged in the alternative," though she still requested that the State elect one charge or the other. The defense also argued that the charge of incest in the information omitted the phrase "under circumstances not amounting to rape, rape of a child or aggravated sexual assault," as required by section 76–7–102. The court granted the State fifteen days leave to amend the information to correctly charge incest, and to plead it in the alternative pursuant to defendant's request.

The State filed an amended information that charged the defendant with aggravated sexual assault, or, in the alternative, incest. The incest charge appeared as it was in the original information without in-

cluding the statutory phrase "under circumstances not amounting to rape, rape of a child or aggravated sexual assault." Defendant filed a motion to dismiss, arguing that the charge of incest in the information failed to list the statutory prerequisites for the crime of incest and the information was duplicitous in that it compelled him to defend against "rape" and "not rape." Defendant also requested a bill of particulars and again moved the court to require the prosecution to elect one of the two charges.

In March 1992, defendant entered a conditional plea of no contest to the incest charge, preserving "his right to appeal the narrow legal question of whether the State has correctly charged Mr. Montoya and recited the elements of Incest in the Amended Information under *State v. Sery,* [758 P.2d 935 (Utah App.1988) ]."

## ISSUES

The dispositive issue before this court is whether the trial court erroneously allowed defendant to enter a conditional no contest plea, which purported to preserve for appeal the adequacy of the information, and which under the circumstances of this case may not resolve the litigation.

## ANALYSIS

■ The State contends that the trial court improperly permitted defendant to enter a conditional plea of no contest since the condition purportedly preserved for appeal will not necessarily end the prosecution of this case, as required by *Sery.* We agree.

In *Sery,* this court stated that conditional pleas are permissible only where "the plea entered by the defendant with the consent of the prosecution and accepted by the trial judge specifically preserves the suppression issue for appeal and allows withdrawal of the plea if defendant's arguments in favor of suppression are accepted by the appellate court." *Id.* at 938 (citations omitted). The court reasoned that

> "the legal guilt of the defendant exists only if the prosecution's case rests on admissible evidence. The crux of the

dispute is resolution of the alleged error on appeal, not factual guilt or innocence. The conditional plea is tailored to further the resolution of these specific issues at the reasonable expense of any state interest in obtaining finality in the proceedings. The plea continues to serve a partial state interest in finality, however, by establishing admission of the defendant's factual guilt. The defendant stands guilty and proceedings come to an end if the reserved issue is ultimately decided in the government's favor."

We see no logical inconsistency between a plea that admits factual guilt—or refuses to contest it—and the preserved claim on appeal that the government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence.

*Id.* at 939 (quoting Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues,* 26 UCLA L.Rev. 360, 378 (1978)). *Sery* therefore set out two criteria for the use of a conditional plea. First, the contested issue must involve the admission of evidence allegedly seized in an illegal manner. Second, the disposition on appeal must effectively bring the prosecution to an end. That is, if the appellate court determines that the trial court did not err in admitting the contested evidence, "[t]he defendant stands guilty and proceedings come to an end." *Id.* at 939. Conversely, since the legal guilt of the defendant rests on the admission of the contested evidence, if the appellate court determines that the trial court erred in admitting the contested evidence, the "government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence," and the proceedings necessarily come to an end. *Id.*

Recently, this court in *State v. Keitz,* 856 P.2d 685 (Utah App.1993), expanded the *Sery* doctrine slightly to include a motion to dismiss on the issue of entrapment. *Keitz* inferred that a *Sery* plea might also be applicable to any legal issue "upon which the case ultimately hinges." *Id.* at 688. However, while expanding the legal

issues that can be contested with conditional pleas, the court emphasized the *Sery* requirement that the disposition on appeal must effectively bring the prosecution of the case to an end. *Id.*

In the case at bar, defendant entered a conditional no contest plea to the charge of incest, preserving his right to appeal the denial of his motion to dismiss based on the question of whether the State correctly charged him in the information. If this court were to address the merits of this issue, we might reach one of two decisions: (1) the information properly charged defendant, or (2) the information did not properly charge defendant. If we were to determine that the information properly charged the defendant, he will have to accept both his factual and legal guilt and the prosecution will effectively be at an end. However, if we were to determine that the information was flawed, the prosecution will have the opportunity to amend the information and proceed to trial. *See* Utah R.Crim.P. 4(d) ("The court may permit an indictment or information to be amended at any time before verdict if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced."). *See also State v. Strand,* 674 P.2d 109, 113–14 (Utah 1983) (proper remedy for facially defective information is amendment, provided that the "amendment does not 'change the offense charged' or otherwise prejudice the substantial rights of the defendant") (quoting *People v. Chadd,* 28 Cal.3d 739, 170 Cal.Rptr. 798, 621 P.2d 837 (1981)). Thus, our determination will not necessarily end the prosecution of this case as required by both *Sery* and *Keitz.*

■■■■ We note that it is incumbent upon a trial court, when it allows a defendant to enter a guilty plea conditioned on his or her right to appeal a certain issue, to make sure the record clearly establishes that res-

olution of the issue on appeal, one way or another, will necessarily end the prosecution of the case. *See Sery,* 758 P.2d at 939.[1] In the case at bar, the trial court should not have accepted the conditional no contest plea since an appeal of the purportedly preserved issue will not necessarily end the prosecution of the case.

Since our decision will not necessarily end the prosecution of this case, we conclude that the trial court erred in allowing the conditional plea of no contest. Defendant's plea is therefore vacated and the case is remanded for further proceedings.

RUSSON, J., concurs.

GREENWOOD, Judge (concurring in result):

I fully concur in the majority opinion's reasoning and result. However, I believe we should address the possible impact of our ruling on pending cases by declaring that the rule announced in this opinion, barring any further prosecution after a proper *Sery* plea, will have prospective impact only. The majority, for the first time, explicitly holds that in *Sery* plea cases, there can be no further prosecution if the defendant is successful on appeal. While earlier cases had perhaps hinted or implied such a rule, it was not definitively announced until now. Therefore, it is possible that cases are currently pending in the trial courts after successful *Sery* appeals by criminal defendants, where the State has chosen to proceed with a prosecution based on the evidence remaining viable after the appellate decision.

A similar issue was addressed in *State v. Hoff,* 814 P.2d 1119 (Utah 1991). In *Hoff,* our supreme court addressed whether the requirement of strict compliance with Rule 11 of the Utah Rules of Criminal Procedure announced in *State v. Gibbons,* 740 P.2d 1309 (Utah 1987), should have retroactive

---

1. For example, when the preserved issue involves the denial of a motion to suppress evidence, the trial court should establish on the record that resolution of the issue on appeal will essentially end the prosecution of the case. Before accepting the plea, the trial court should establish that the evidence subject to the motion to suppress is critical to the State's case—that the State does not have additional evidence sufficient to proceed to trial against the defendant. If the State does have such evidence, the court cannot accept a conditional guilty plea and allow defendant to appeal the denial of the suppression motion.

application. The court noted that "[w]hen a new rule of criminal procedure constitutes a clear break with the past, it is not generally applied retroactively." *Hoff*, 814 P.2d at 1123. Because the *Gibbons* decision "was indeed intended to change both the practice and the standard for taking guilty pleas," *id.*, the court held that it would not be applied retroactively to guilty pleas taken before *Gibbons* was issued. *Id.* at 1124.

The majority opinion in this case states that

> it is incumbent upon a trial court, in allowing a defendant to enter a guilty plea conditioned on his or her right to appeal a certain issue, to make sure the record clearly establishes that resolution of the issue on appeal, one way or another, will necessarily end the prosecution of the case.

While this statement is ostensibly based on language in *Sery*, it establishes a required procedure for the taking of *Sery* pleas which we have no reason to believe has been followed up to now. For this reason I regard the rule made in this opinion as a sufficient break with the past to fit into the category of criminal procedure rules that are not applied retroactively.

Principles of judicial economy favor resolution of the issue of retroactive application at this time, rather than waiting for the further appeal that was necessitated by the *Gibbons* opinion. Therefore, I would hold that the majority opinion's requirement that a valid *Sery* plea precludes further prosecution after appeal, would not have retroactive application.