STATE of Utah, Plaintiff and Appellee,

v.

Anthony HARRIS, Defendant and Appellant.

No. 920139–CA.

Court of Appeals of Utah.

Aug. 13, 1993.

Joan C. Watt (Argued), and Mark R. Moffat, Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Jan Graham, State Atty. Gen., and Christine F. Soltis (Argued), Asst. Atty. Gen., Salt Lake City, for appellee.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

BENCH, Judge:

Defendant Anthony Harris entered a conditional guilty plea, purportedly preserving his right to appeal the trial court's denial of his motion to sever the two counts of burglary for which he was charged. We vacate the trial court's acceptance of defendant's conditional guilty plea and remand for further proceedings.

## BACKGROUND

On the morning of November 12, 1990, defendant Harris, Michael Beavers, and Terry Flemmings went to Michael Nichols's apartment and dropped off a number of coats allegedly stolen from a Banana Republic Store in Salt Lake City. Defendant, Beavers, Flemmings, and Nichols then drove to a Mr. Mac store where they allegedly broke in and stole more coats. They returned to Nichols's apartment and hung the Mr. Mac coats with the Banana Republic coats. Nichols then left for work while the others stayed at the apartment.

Later that morning, David Hunt, Nichols's apartment manager, heard an argument in Nichols's apartment which "sounded like people were being hit." Hunt heard one person say, "Don't kill me." Hunt called the Salt Lake Police Department which dispatched Officer Humphries and two other officers to Nichols's apartment. For two to four minutes after arriving at Nichols's apartment, the officers listened to two males arguing. At that point, Dexter Davis, one of the occupants in Nichols's apartment, stepped into the hallway. When Davis saw the officers, he uttered an expletive and stepped back into the apartment about half an arm's length. Officer Humphries reached through the open door and grabbed Davis. When Officer Humphries grabbed Davis, he saw defendant run out of the front room and noticed Flemmings fumbling with a pile of clothing on the floor. Officer Humphries then entered the apartment in order to secure it for the safety of the officers and to determine if anybody had been assaulted. The officers did not have a search or arrest warrant or consent to enter into the apartment.

After seizing defendant and the other occupants, Officer Humphries quickly made a protective sweep of the apartment in which he noticed the coats in plain view. The officers subsequently obtained a search warrant and seized the stolen property.

Defendant was charged with burglary and theft at both the Banana Republic and Mr. Mac stores. Defendant moved to sever the Banana Republic charges from the Mr. Mac charges. Defendant also moved to suppress evidence alleging an illegal search. The trial court denied both motions. Defendant entered a conditional guilty plea, purporting to preserve his right to appeal the court's denial of both motions. The dispositive issue before this court is whether the trial court erred by allowing defendant to condition his guilty plea upon the right to appeal the severance issue.

## ANALYSIS

In *Sery*, this court held that a defendant may enter a conditional guilty plea if the plea is agreed to by the prosecution, approved by the trial judge, and preserves for appellate review the issue of admissibility of evidence on which the case ultimately hinges. 758 P.2d 935, 938–939 (Utah App. 1988). The court reasoned that

> "the legal guilt of the defendant exists only if the prosecution's case rests on admissible evidence. The crux of the dispute is resolution of the alleged error on appeal, not factual guilt or innocence. The conditional plea is tailored to further the resolution of these specific issues at the reasonable expense of any state interest in obtaining finality in the proceedings. The plea continues to serve a partial state interest in finality, however, by establishing admission of the defendant's factual guilt. The defendant stands guilty and proceedings come to an end if the reserved issue is ultimately decided in the government's favor."

We see no logical inconsistency between a plea that admits factual guilt—or refuses to contest it—and the preserved claim on appeal that the government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence.

*Id.* at 939 (quoting Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues*, 26 UCLA L.Rev. 360, 378 (1978)).

In *State v. Keitz*, 856 P.2d 685 (Utah App.1993), this court expanded *Sery* slightly, suggesting that conditional guilty pleas may be proper for any legal issue upon which the case ultimately hinges. While expanding the types of issues that may be appealed pursuant to a conditional guilty plea, *Keitz* reaffirmed *Sery*'s requirement that the disposition on appeal must effectively conclude the prosecution of the case.

In *State v. Montoya*, 858 P.2d 1027, 1029–1030 (Utah App.1993), this court recognized that *Sery* and *Keitz* require that the disposition on appeal must effectively bring the prosecution of the case to an end. Montoya sought to condition his plea upon preserving his right to appeal the adequacy of the information under which he was charged. We ruled that his plea was improper. If Montoya would have prevailed on appeal, we would have necessarily remanded for further proceedings. Consequently, the plea was improper because it did not "effectively bring the prosecution to an end." *Montoya*, at 1029.

In the present case, defendant entered his conditional guilty plea, purporting to preserve a right to appeal the trial court's denial of a motion to sever. If this court were to reach the merits of defendant's severance argument, and reverse, defendant's charges would be severed. We would therefore necessarily be required to remand for further proceedings. On remand, defendant could choose to go to trial on one or both of the charges. Because resolution of defendant's appeal on the severance issue may not effectively conclude

the case, the trial court erred in allowing defendant to enter a conditional plea.[1]

Defendant relies on *State v. Kay*, 717 P.2d 1294 (Utah 1986), for the proposition that guilty pleas may be "conditioned upon something other than the preservation of a suppression issue." His reliance is misplaced. In *Kay*, the trial court vacated an earlier promise not to impose the death penalty in exchange for guilty pleas. The court gave Kay the option of being sentenced on the pleas or withdrawing them. In an interlocutory appeal, Kay sought to enforce the conditions of his plea. His conditional plea did not purport to preserve an issue for appeal. The case is therefore inapposite.

Trial courts must closely control conditional guilty pleas. The plea must only preserve legal issues for appellate review on which the case ultimately hinges.

We note that it is incumbent upon a trial court, when it allows a defendant to enter a guilty plea conditioned on his or her right to appeal a certain issue, to make sure the record clearly establishes that resolution of the issue on appeal, one way or another, will necessarily end the prosecution of the case.

*Montoya*, at 1030. If there is a possibility that appellate review of an issue will not conclude the proceedings, the trial court cannot accept the conditional plea.

## CONCLUSION

The trial court erred in accepting a conditional guilty plea that purported to preserve defendant's right to appeal the denial of his motion to sever. Because the conditional plea was erroneously entered, we may not address the merits of any of the issues raised on appeal. We therefore vacate the trial court's acceptance of defendant's plea and remand for further proceedings.

GARFF and JACKSON, JJ., concur.

1. Inasmuch as part of defendant's conditional guilty plea was improper, the entire plea was improper and we cannot address any issue raised in the plea.