STATE of Utah, Plaintiff and Appellee,

v.

Danny RIVERA, Defendant
and Appellant.

No. 930154–CA.

Court of Appeals of Utah.

March 11, 1994.

Joan C. Watt and Elizabeth A. Bowman, Salt Lake City, for appellant.

Jan Graham and Kenneth A. Bronston, Salt Lake City, for appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Defendant entered a conditional plea of no contest to the charge of possession of a dangerous weapon by a restricted person, purportedly preserving his right to appeal the district court's denial of his motion to quash the circuit court's bindover. We vacate the district court's acceptance of defendant's plea and remand for further proceedings.

## FACTS

On the morning of July 26, 1992, Brenda Kilgrow was alone at a Top Stop Store in South Salt Lake where she was employed as a cashier. At about 7:00 a.m., an hour before the store opened, Kilgrow stepped outside to smoke a cigarette. A man, allegedly the defendant, approached her and asked if she would cash a check for him. Kilgrow indicated that she would, but only upon presentation of proper identification. The man then walked away.

The man returned a few minutes later and asked Kilgrow if she could make change for the telephone. When Kilgrow unlocked the door and stepped back into the store, the man followed. The man showed Kilgrow a gun he had tucked in his pants and demanded that Kilgrow give him the money in the cash register. Kilgrow handed the man

$22.00 and pushed the silent alarm. The man threw the money on the counter, stating that it was not enough. He then rummaged through the cupboards before leaving the store, heading north. Kilgrow did not see the man get into a vehicle.

When the man left, Kilgrow locked the door and waited for the police to arrive. Kilgrow described the man to the police dispatcher as a Mexican male who wore a hat, black shirt, black sweat pants, black athletic shoes, and no socks. Officer Dusten Hansen received from dispatch the address of the Top Stop and a description of the suspect. About four blocks from the Top Stop, Hansen saw defendant driving a small pickup truck, heading north. Because defendant fit the description given by Kilgrow, Hansen pursued defendant with his overhead lights on. Defendant did not stop and started driving faster. Hansen then turned on his siren as he continued the chase. Officer Chris Snyder, who had also responded to the robbery, joined in the pursuit. Defendant reached speeds between sixty and seventy miles per hour before losing control of his vehicle and hitting a bus bench.

Defendant quickly left his vehicle but returned momentarily and appeared to be reaching for something inside the vehicle. Defendant then fled on foot. Hansen and Snyder chased defendant through a yard and alley and then back to Hansen's patrol car. Defendant entered the patrol car, locked the doors, and attempted to start it. Hansen broke the passenger side window and tried to enter the car. Defendant then exited the patrol car and attempted to enter a passing motorist's vehicle. The motorist resisted, and Hansen and Snyder were able to grab defendant, wrestle him to the ground, and arrest him. At the time of his arrest, defendant was wearing a black short sleeved shirt, black sweat pants, black shoes, and no socks.

After defendant's arrest, he was placed in another officer's vehicle. Snyder brought Kilgrow to the scene to see if she could identify defendant. Snyder and Kilgrow did a slow drive-by from across the street and Kilgrow identified defendant as the robber.[1]

Snyder found a handgun on the floor of the passenger side of defendant's vehicle. He also found a dark blue striped baseball cap in defendant's vehicle.

Defendant was charged by information with three counts: Count I—aggravated robbery, a first degree felony, in violation of Utah Code Ann. § 76-6-302 (1990); Count II—possession of a dangerous weapon by a restricted person,[2] a second degree felony, in violation of Utah Code Ann. § 76-10-503 (Supp.1991); and Count III—failure to respond to an officer's signal to stop, a third degree felony, in violation of Utah Code Ann. § 41-6-13.5 (1988).

At a preliminary hearing in the circuit court, the magistrate found probable cause to bind defendant over for trial on all three counts. Subsequent to the preliminary hearing, defendant brought a motion in the district court to quash the circuit court's bindover order on Counts I and II. The district court denied defendant's motion. Defendant then entered a conditional guilty plea of no contest to Count II, purporting to preserve his right to appeal the district court's denial of his motion to quash the bindover. Pursuant to the terms of the plea, the district court dismissed Counts I and III.

## ISSUE

The dispositive issue before this court is whether the district court erroneously allowed defendant to enter a conditional no contest plea, which purported to preserve for appeal the district court's denial of defendant's motion to quash the bindover.

## ANALYSIS

In *State v. Sery*, 758 P.2d 935 (Utah App. 1988), this court held that conditional pleas

---

1. There is some question as to the reliability of Kilgrow's identification of defendant as the robber both at the scene and later in a lineup. We offer no opinion regarding the reliability of Kilgrow's identification of defendant as the robber, but merely note that this may be an issue on remand.

2. Defendant was on parole at the time of this incident and was, therefore, considered a restricted person under Utah Code Ann. § 76-10-503(2)(a) (Supp.1991).

involving suppression of evidence are permissible only where "the plea entered by the defendant with the consent of the prosecution and accepted by the trial judge specifically preserves the suppression issue for appeal and allows withdrawal of the plea if defendant's arguments in favor of suppression are accepted by the appellate court." *Id.* at 938. This court reasoned that

> "the legal guilt of the defendant exists only if the prosecution's case rests on admissible evidence. The crux of the dispute is resolution of the alleged error on appeal, not factual guilt or innocence. The conditional plea is tailored to further the resolution of these specific issues at the reasonable expense of any state interest in obtaining finality in the proceedings. The plea continues to serve a partial state interest in finality, however, by establishing admission of the defendant's factual guilt. The defendant stands guilty and proceedings come to an end if the reserved issue is ultimately decided in the government's favor." We see no logical inconsistency between a plea that admits factual guilt—or refuses to contest it—and the preserved claim on appeal that the government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence.

*Id.* at 939 (quoting Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues,* 26 UCLA L.Rev. 360, 378 (1978)).

■ Recently, in *State v. Montoya,* 858 P.2d 1027 (Utah App.1993), and *State v. Harris,* 858 P.2d 1031 (Utah App.1993), we clarified *Sery*'s requirement that the disposition on appeal must effectively bring the prosecution of the case to an end. We stated that *Sery* set out two criteria for the use of a conditional plea:

First, the contested issue must involve the admission of evidence allegedly seized in an illegal manner. Second, the disposition on appeal must effectively bring the prosecution to an end. That is, if the appellate court determines that the trial court did not err in admitting the contested evidence, "[t]he defendant stands guilty and proceedings come to an end." Conversely, since the legal guilt of the defendant rests on the admission of the contested evidence, if the appellate court determines that the trial court erred in admitting the contested evidence, the "government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence," and the proceedings necessarily come to an end.

*Montoya,* 858 P.2d at 1029 (quoting *Sery,* 758 P.2d at 939); *accord Harris,* 858 P.2d at 1032–33.[3]

■ In *Montoya,* we also recognized that this court's decision in *State v. Keitz,* 856 P.2d 685 (Utah App.1993), "inferred that a *Sery* plea might also be applicable to any legal issue 'upon which the case ultimately hinges.'" *Montoya,* 858 P.2d at 1029 (quoting *Keitz,* 856 P.2d at 688); *accord Harris,* 858 P.2d at 1033. We noted, however, that while *Keitz* expanded the legal issues that can be contested with a conditional plea, it still required that the "disposition on appeal must effectively bring the prosecution of the case to an end." *Montoya,* 858 P.2d at 1029–30; *accord Harris,* 858 P.2d at 1033. Without the strict finality requirement for *Sery* pleas, defendants could easily circumvent the rules that provide for the orderly review of nonfinal, interlocutory decisions. *See Kennecott Corp. v. State Tax Comm'n,* 814 P.2d 1099, 1103–05 (Utah 1991). Therefore, unless the issue attached to a *Sery* plea will effectively bring the prosecution of the case

---

3. Defendant argues that *Montoya* conflicts with Rule 11(i) of the Utah Rules of Criminal Procedure, which provides:

With approval of the court and the consent of the prosecution, a defendant may enter a conditional plea of guilty, guilty and mentally ill, or no contest, reserving in the record the right, on appeal from the judgment, to a review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Defendant claims that the rule implies further proceedings because it allows for the withdrawal of a guilty plea if a defendant is successful on appeal. However, the withdrawal of a guilty plea if a defendant is successful on appeal was anticipated by *Sery, Montoya,* and *Harris,* and does not constitute further proceedings in violation of the *Sery* finality requirement.

to an end, the plea is improper and we will not entertain it on appeal.

In the present case, defendant entered a conditional no contest plea on Count II, possession of a dangerous weapon by a restricted person, purporting to preserve his right to appeal the district court's denial of his motion to quash the bindover. If this court were to address the merits of this issue, we might reach one of two decisions: either the district court properly denied defendant's motion, or the court erroneously denied defendant's motion. If we were to determine that the district court properly denied defendant's motion, defendant would have to accept both his factual and legal guilt and the prosecution would effectively be at an end. If, however, we were to determine that the district court erroneously denied defendant's motion, and reverse, the State could potentially refile the information against defendant on Count II and proceed with the prosecution. *See State v. Brickey*, 714 P.2d 644, 647–48 (Utah 1986) (criminal charges previously dismissed for insufficient evidence may be refiled if new or previously unavailable evidence has surfaced or other good cause justifies refiling).[4] In addition, because the dismissal of Counts I and III was predicated upon defendant's plea of no contest on Count II, if we reverse, defendant's plea would be withdrawn and the State could proceed against defendant on Counts I and III. Thus, our determination would not necessarily end the prosecution of this case.

 We reiterate that a trial court, when it allows a defendant to enter a guilty plea conditioned upon his or her right to appeal a certain issue, must "make sure the record clearly establishes that resolution of the issue on appeal, one way or another, will necessarily end the prosecution of the case." *Montoya*, 858 P.2d at 1030. In the present case, the district court should not have accepted defendant's conditional no contest plea because an appeal of the purportedly preserved issue would not necessarily end the prosecution of the case.

## CONCLUSION

Because our decision would not necessarily end the prosecution of this case, we conclude that the district court erred in accepting defendant's conditional plea of no contest. Defendant's plea is therefore vacated and the case is remanded for trial or other proceedings.

BILLINGS and GREENWOOD, JJ., concur.

---

4. *Brickey* indicated that good cause to refile "might exist when a prosecutor innocently miscalculates the quantum of evidence required to obtain a bindover and further investigation clearly would not be dilatory." *State v. Brickey*, 714 P.2d 644, 647–48 n. 5 (Utah 1986).