AMAX MAGNESIUM CORP.,
Plaintiff and Respondent,

v.

UTAH STATE TAX COMMISSION
and Tooele County, Defendants
and Petitioners.

No. 930158.

Supreme Court of Utah.

April 29, 1994.

Mark K. Buchi, David K. Detton, R. Bruce Johnson, Steven C. Bednar, Salt Lake City, for Amax Magnesium.

Jan Graham, Atty. Gen., Brian L. Tarbet, Asst. Atty. Gen., Salt Lake City, for Tax Com'n.

Ronald L. Elton, Tooele, and Bill Thomas Peters, Salt Lake City, for Tooele County.

RUSSON, Justice:

This case came to us on petition for a writ of certiorari to the Utah Court of Appeals. We granted certiorari to review the court of appeals' conclusion that *Amax Magnesium Corp. v. Utah State Tax Commission,* 796 P.2d 1256 (Utah 1990) (*Amax I*), requires the Utah State Tax Commission to apply a twenty percent reduction in valuation pursuant to Utah Code Ann. § 59–5–4.5 (Supp. 1986) to all of Amax Magnesium Corporation's property, whether real or personal. We reverse and remand.

## FACTS

On January 2, 1987, Amax Magnesium Corporation (Amax) petitioned the Utah

State Tax Commission (Tax Commission) for a formal hearing concerning the 1986 ad valorem tax assessment on Amax's property located in Tooele County, Utah. Amax argued that its property should have been assessed by Tooele County, not the state property tax division, and thus, Amax was entitled to a twenty percent discount pursuant to Utah Code Ann. § 59–5–4.5(1) (Supp.1986).[1] Alternatively, Amax asserted that even if it was proper for the state property tax division to assess its property, Amax was still entitled to a twenty percent discount to avoid unconstitutional taxation. Following formal hearings, the Tax Commission found that (1) it was proper for the state property tax division to assess the property, and (2) the twenty percent reduction prescribed by section 59–5–4.5 did not apply to state-assessed property. Based on these findings, the Tax Commission concluded that the twenty percent reduction required by section 59–5–4.5 did not apply to Amax's property. Amax subsequently filed a petition for reconsideration, which the Tax Commission denied.

On June 29, 1988, Amax petitioned this court to review the Tax Commission's decision. We reversed the Tax Commission, holding that the state's use of a tax valuation method identical to the county's on Amax's property without applying the county's twenty percent reduction as provided by section 59–5–4.5 violated article I, section 24 and article XIII, sections 2 and 3 of the Utah Constitution. *Amax I*, 796 P.2d at 1262. Accordingly, we remanded the case "for the purpose of calculating the reasonable fair cash value of Amax's real and personal property pursuant to the formula set out in Utah Code Ann. § 59–5–4.5." *Id.*

After a formal hearing on remand, the Tax Commission found that *Amax I* required property owners to " 'bear an equal portion of the tax burden in proportion to the amount of property owned' " (quoting *id.* at 1260). The Tax Commission therefore concluded that the twenty percent reduction set forth in section 59–5–4.5 "should be applied to that portion of the 1986 AMAX taxable property which was valued using the same methodology as was used on the same type of property by the Tooele County Assessor in 1986." Accordingly, on February 25, 1992, the Tax Commission ordered that "further proceedings be held before the Utah State Tax Commission to ascertain which properties located within Tooele County received the application of Utah Code Annotated § 59–5–4.5 in 1986 and to apply said statute to the same class of property owned by [Amax] as of January 1, 1986."

On March 26, 1992, Amax filed a second petition for review, asserting that the Tax Commission had failed to implement this court's remand order in *Amax I* by not giving Amax an across-the-board tax reduction on all of its assessed property. We transferred the case to the court of appeals pursuant to Utah Code Ann. § 78–2–2(4) (Supp. 1993) and Utah Rule of Appellate Procedure 42.[2] On March 3, 1993, the court of appeals issued *Amax Magnesium Corp. v. Utah State Tax Commission*, 848 P.2d 715 (Utah Ct.App.1993) (*Amax II*), in which it held that the Tax Commission "failed to follow the directives of *Amax I* when it refused to apply section 59–5–4.5 to all Amax's property." *Id.* at 719. Tooele County petitioned for a writ of certiorari, which we granted.

The sole issue before us is whether *Amax I* requires the Tax Commission to grant a

---

1. Section 59–5–4.5(1), which has since been repealed, provided:

   When the county assessor uses the comparable sales or cost appraisal method in valuing taxable property for assessment purposes, the assessor is required to recognize that various fees, services, closing costs, and other expenses related to the transaction lessen the actual amount that may be received in the transaction. The county assessor shall, therefore, take 80% of the value based on comparable sales or cost appraisal of the property as its reasonable fair cash value for purposes of assessment.

2. Section 78–2–2(4) provides, "The Supreme Court may transfer to the Court of Appeals any of the matters over which the Supreme Court has original appellate jurisdiction, except [matters within the Supreme Court's exclusive jurisdiction]." Similarly, Utah Rule of Appellate Procedure 42(a) states, "At any time before a case is set for oral argument before the Supreme Court, the Court may transfer to the Court of Appeals any case except those cases within the Supreme Court's exclusive jurisdiction."

twenty percent reduction for all of Amax's property, whether real or personal.

## STANDARD OF REVIEW

■ This case presents a question of law, namely, whether the Tax Commission and the court of appeals correctly interpreted this court's decision in *Amax I.* Therefore, we apply a correction of error standard. *Allen v. Utah Dep't of Health,* 850 P.2d 1267, 1269 (Utah 1993).

## ANALYSIS

■ The Utah Constitution provides:

All tangible property in the state, not exempt under the laws of the United States, or under this Constitution, shall be taxed at a uniform and equal rate in proportion to its value, to be ascertained as provided by law.

Utah Const. art. XIII, § 2(1). Further, section 3 of article XIII states in part:

The Legislature shall provide by law a uniform and equal rate of assessment on all tangible property in the state, according to its value in money, except as otherwise provided in Section 2 of this Article. The Legislature shall prescribe by law such provisions as shall secure a just valuation for taxation of such property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its tangible property.

Utah Const. art. XIII, § 3(1). Pursuant to these sections, property taxation must be uniform and equal according to the property's value.

To meet these requirements, the legislature has provided that "[a]ll tangible property in this state ... shall be taxed at a uniform and equal rate in proportion to its value," Utah Code Ann. § 59–1–1 (Supp. 1986), and that "[a]ll taxable property, except as otherwise provided by law, shall be assessed at 100% of its reasonable fair cash value." Utah Code Ann. § 59–5–1(1)(a) (Supp.1986). In these code provisions, the legislature has recognized the necessity of uniformity and equality in property taxation and set the assessment rate at one hundred

percent of the property's reasonable fair cash value.

However, the legislature, realizing that various transaction costs will increase the assessed value under some methods, created an exception to the requirement that property be taxed at one hundred percent of its assessed value. Specifically, it provided that when the county assessor uses either the comparable sales or the cost appraisal method, the county must discount the appraised value by twenty percent. Utah Code Ann. § 59–5–4.5 (Supp.1986). This exception was created in recognition that these valuation methods are particularly sensitive to inflation. *Board of Equalization v. Utah State Tax Comm'n ex rel. Benchmark, Inc.,* 864 P.2d 882, 885 (Utah 1993); *Amax I,* 796 P.2d at 1260; *Rio Algom Corp. v. San Juan County,* 681 P.2d 184, 190 (Utah 1984).

Given both the constitutional and statutory requirements of uniformity and equality in property taxation, this court reasoned in *Amax I* that it was unconstitutional to apply a reduction to only county-assessed property when state property was assessed using identical assessment methods. *Amax I,* 796 P.2d at 1261–62. Accordingly, we held that when either the county or the state uses the comparable sales or cost appraisal method of assessment, the property owner is entitled to a twenty percent reduction in valuation pursuant to section 59–5–4.5 and the Utah Constitution. *Id.* at 1260; *see also Board of Equalization,* 864 P.2d at 886 ("We held [in *Amax I*] that because the properties had been assessed by the same method, applying the 20 percent discount to one and not to the other violated the constitutional requirement of uniform and equal taxation.").

Amax nonetheless argues that because the last sentence of *Amax I* states that "[w]e reverse and remand to the Tax Commission for the purpose of calculating the reasonable fair cash value of Amax's real and personal property pursuant to the formula set out in Utah Code Ann. § 59–5–4.5," *Amax I,* 796 P.2d at 1262, its personal property is necessarily entitled to a twenty percent discount pursuant to section 59–5–4.5. We disagree.

■ *Amax I* provides that when identical methods of property valuation are used by

both the county and the state to assess taxable property, it is unconstitutional to give county property a reduction without giving state property the same reduction. *Id.* at 1260. However, when different methods of property valuation are used, the law does not mandate a reduction. *Rio Algom,* 681 P.2d at 194. Likewise, when neither the comparable sales nor the cost appraisal method of assessment is used, no such reduction is appropriate to either county- or state-assessed property, be it real or personal. *See* Utah Code Ann. § 59–5–4.5 (Supp.1986) (requiring reduction only when comparable sales or cost appraisal method of assessment used). Accordingly, when the Tax Commission ordered that "further proceedings be held before the Utah State Tax Commission to ascertain which properties located within Tooele County received the application of Utah Code Annotated § 59–5–4.5 in 1986 and to apply said statute to the same class of property owned by [Amax] as of January 1, 1986," it did not violate either the reasoning or the holding of *Amax I.* Rather, it acted properly in seeking to determine which of Amax's properties were assessed by using either the comparable sales or the cost appraisal method.

## CONCLUSION

We reverse the court of appeals' decision in *Amax II* and remand this matter to the Tax Commission for further proceedings as outlined in its February 25, 1992, order.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.