STATE of Utah, Plaintiff
and Respondent,

v.

Eugene MONTOYA, Defendant
and Petitioner.

No. 930508.

Supreme Court of Utah.

Dec. 15, 1994.

Jan Graham, Atty. Gen., Kenneth A. Bronston, J. Kevin Murphy, Asst. Attys. Gen., Salt Lake City, for plaintiff.

Elizabeth A. Bowman, Ronald S. Fujino, Robert K. Heineman, Salt Lake City, for defendant.

ON CERTIORARI TO THE UTAH
COURT OF APPEALS

ZIMMERMAN, Chief Justice:

Eugene Montoya seeks review of a court of appeals decision vacating his conditional plea of no contest to a charge of incest. Montoya's plea was expressly conditioned upon the preservation of his right to appeal "the narrow legal question of whether the State correctly charged [him] and recited the elements of Incest in the Amended Information." The court of appeals concluded that the trial court erred in accepting Montoya's conditional plea because "the condition purportedly preserved for appeal will not necessarily end the prosecution of this case." *State v. Montoya*, 858 P.2d 1027, 1029 (Ct. App.1993), *cert. granted*, 878 P.2d 1154 (Utah 1994). In so doing, it placed a limiting construction on *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988). We granted certiorari and now reverse the decision of the court of appeals. The matter is remanded to the court of appeals to consider the merits of Montoya's "improper charge" arguments.

In April of 1991, Montoya was charged by information with aggravated sexual assault, a first degree felony, in violation of section 76–5–405 of the Utah Code,[1] and incest, a third

---

1. Section 76–5–405 provides in relevant part:

(1) A person commits aggravated sexual assault if in the course of a rape or attempted rape ... or forcible sexual abuse or attempted forcible sexual abuse the actor:

(a) causes bodily injury to the victim;

(b) uses or threatens the victim by use of a dangerous weapon as defined in Section 76–1–601;

(c) compels, or attempts to compel, the victim to submit to rape, ... or forcible sexual abuse, by threat of kidnapping, death, or seri-

degree felony, in violation of section 76–7–102.[2] In September of 1991, Montoya moved "to compel the State to elect which charge [it] intend[s] to proceed on prior to trial," arguing that "these charges are mutually exclusive and the same facts cannot support both allegations because they cannot both be true." At a hearing on Montoya's motion, Montoya also argued that the charge of incest was defective in that it omitted the statutory limitation of that crime to "circumstances not amounting to rape, rape of a child or aggravated sexual assault." Following the hearing, the trial court granted the State fifteen days' leave to amend the information to correctly charge incest and to plead it in the alternative to aggravated sexual assault. Although the State did file an amended information charging Montoya alternatively with aggravated sexual assault and incest, the incest charge appeared as it did in the original information without including the limiting statutory language.

Montoya moved to dismiss in February of 1992, again arguing that the charge of incest failed to include the limiting statutory language and that the information was duplicitous in that it alleged both "rape" and "not rape." Montoya also requested a bill of particulars and again moved the court to require the State to elect one of the two charges. On March 2, 1992, although the court had not ruled on his motion to dismiss, Montoya entered a conditional plea of no contest to the incest charge, preserving his right to appeal "the narrow legal question of whether the State correctly charged [him] and recited the elements of Incest in the Amended Information."[3] The court accepted the proffered plea, and Montoya appealed.

Without addressing the merits of Montoya's "improper charge" arguments, the court of appeals vacated his conditional plea. *Montoya*, 858 P.2d at 1030. Interpreting its prior decision in *Sery*, the court of appeals concluded that under *Sery*, a conditional plea is proper and may be accepted by a trial court only if resolution of the issue preserved for appeal will necessarily end the prosecution of the case. *Id.* After determining that resolution of Montoya's "improper charge" arguments would not necessarily end the prosecution, the court of appeals held that the trial court erred in accepting Montoya's conditional plea.[4] *Id.*

■ We first state the appropriate standard of review. A court of appeals interpretation of the effect of a prior judicial decision, whether one of its own or one of another court, constitutes a conclusion of law to which we accord no particular deference. Review is for correctness. *See Amax Magnesium Corp. v. Utah State Tax Comm'n*, 874 P.2d 840, 842 (Utah 1994). We apply this correction-of-error standard in considering the court of appeals' interpretation of the decision in *Sery* and the resultant conclusion that the trial court erred in accepting Montoya's conditional no-contest plea.

■ The court of appeals decision under review here read *Sery* as having established a "dispositiveness" requirement, i.e., a pre-

---

ous bodily injury to be inflicted imminently on any person; or
    (d) is aided and abetted by one or more persons.
Utah Code Ann. § 76–5–405.

2. Section 76–7–102 provides in relevant part:
    (1) A person is guilty of incest when, under circumstances not amounting to rape, rape of a child or aggravated sexual assault, he has sexual intercourse with a person whom he knows to be an ancestor, descendant, brother, sister, uncle, aunt, nephew, niece, or first cousin.
Utah Code Ann. § 76–7–102.

3. On its own motion, the court dismissed the charge of aggravated sexual assault without prejudice, preserving the State's right to recharge Montoya if he prevails on his "improper charge" arguments.

4. Specifically, the court of appeals held:
    [I]t is incumbent upon a trial court, when it allows a defendant to enter a guilty plea conditioned on his or her right to appeal a certain issue, to make sure the record clearly establishes that resolution of the issue on appeal, one way or another, will necessarily end the prosecution of the case. *See Sery*, 758 P.2d at 939. In the case at bar, the trial court should not have accepted the conditional no contest plea since an appeal of the purportedly preserved issue will not necessarily end the prosecution of the case.
*State v. Montoya*, 858 P.2d 1027, 1030 (Ct.App. 1993) (footnote omitted), *cert. granted*, 878 P.2d 1154 (Utah 1994).

requisite to the acceptance of a conditional plea that the preserved issue be dispositive of the prosecution. *Montoya*, 858 P.2d at 1030. However, we find that *Sery* contains no such requirement.

In *Sery*, the defendant was charged with possession of a controlled substance. The only physical evidence against him was cocaine which police officers found in a bag he was carrying. After the trial court denied the defendant's motion to suppress, the defendant entered a conditional plea of no contest in which he reserved his right to appeal the denial of his suppression motion. *Sery*, 758 P.2d at 937. In the ensuing appeal, the state argued that the trial court improperly accepted the defendant's conditional plea because "a defendant who pleads no contest waives the right to appeal all pre-trial rulings." *Id.* In rejecting the state's argument, the court of appeals reasoned that "forcing the parties to go through an entire trial merely to preserve the suppression issue is a pointless and wasteful exercise." *Id.* at 939. Therefore, the court concluded, "[T]he use of such conditional pleas by criminal defendants—if agreed to by the prosecution and accepted by the trial court—is a sensible and sound practice." *Id.* at 938.

Contrary to the *Montoya* court's interpretation of *Sery*, we find nothing in that decision which supports the conclusion that a dispositiveness requirement was necessary to the holding there. Although the issue preserved for appeal in *Sery* was, in fact, dispositive of the prosecution, that fact was not held to be a prerequisite to a trial court's acceptance of a conditional plea.[5]

Moreover, certain language in *Sery* is inconsistent with a dispositiveness requirement. Although the *Sery* panel recognized that conditional pleas are accepted " 'at the reasonable expense of any state interest in obtaining finality in the proceedings,' " it noted that such pleas continue to serve a "par-

tial" state interest in finality because " 'proceedings come to an end if the reserved issue is ultimately decided in the government's favor.' " *Id.* at 939 (quoting Jon D. Botsford, Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues*, 26 UCLA L.Rev. 360, 378 (1978)). The only way the *Sery* panel's use of the term "partial" makes sense in this context is if resolution of the reserved issue in the defendant's favor will not necessarily end the prosecution. If a dispositiveness requirement were implicit in *Sery*, a conditional plea would not just "partially" serve the state's interest in finality; it would completely serve that interest because the proceedings would end regardless of how the reserved issue was decided. Accordingly, we conclude that the court of appeals erred in interpreting *Sery* as having established a dispositiveness requirement.

In addition to *Sery*, the *Montoya* court relied on *State v. Keitz*, 856 P.2d 685 (Utah Ct.App.1993), to support its conclusion that the trial court accepted Montoya's conditional plea in violation of *Sery*'s purported dispositiveness requirement. In *Keitz*, the court stated that "under *Sery*, conditional guilty pleas are only proper where ... defendant admits factual guilt, but preserves for appellate review a legal issue upon which the case ultimately hinges." *Id.* at 688. However, since today we hold this interpretation of *Sery* to be erroneous, *Keitz* cannot justify the conclusion reached by the panel in *Montoya*.

■ Finally, we reject the State's argument that this court should affirm the court of appeals' decision on the basis of rule 11(i) of the Utah Rules of Criminal Procedure, which provides:

> With approval of the court and the consent of the prosecution, a defendant may enter a conditional plea of guilty, guilty and mentally ill, or no contest, reserving in the record the right, on appeal from the judg-

---

5. In *Montoya*, the court of appeals accurately explained why the issue preserved for appeal in *Sery* was "dispositive":

> [I]f the appellate court determine[d] that the trial court did not err in admitting the contested evidence, "[t]he defendant stands guilty and proceedings come to an end." Conversely, since the legal guilt of the defendant rests on the admission of the contested evidence, if the

> appellate court determine[d] that the trial court erred in admitting the contested evidence, the "government is constitutionally barred from being able to prove its case because of the illegal seizure of evidence," and the proceedings necessarily come to an end. *Montoya*, 858 P.2d at 1029 (citations omitted) (quoting *State v. Sery*, 758 P.2d 935, 939 (Utah Ct.App.1988)).

ment, to a review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Utah R.Crim.P. 11(i). The State argues that rule 11(i) should be read to contain a dispositiveness requirement. In interpreting rule 11(i), we follow the general rule of statutory construction that where language is clear and unambiguous, we will construe that language according to its plain meaning. *See Horton v. Royal Order of the Sun*, 821 P.2d 1167, 1168 (Utah 1991). The State concedes that "the plain language of Rule 11(i) reveals no dispositiveness requirement." In fact, rule 11(i) allows a defendant entering a conditional plea to reserve the right to appeal "the adverse determination of *any* specified pre-trial motion," not just dispositive ones. (Emphasis added.) Therefore, we conclude that rule 11(i) does not contain a dispositiveness requirement.[6]

In sum, neither case law nor the Utah Rules of Criminal Procedure require, as a prerequisite to the acceptance of a conditional plea, that the preserved issue be dispositive of the prosecution. We hold that the court of appeals erred in vacating Montoya's conditional no-contest plea. We reverse the decision of the court of appeals and remand the matter to that court for its consideration of Montoya's "improper charge" arguments.

HOWE and DURHAM, JJ., and TIMOTHY R. HANSON, District Judge, concur.

STEWART, Associate C.J., dissents.

RUSSON, Justice, having disqualified himself, does not participate herein; TIMOTHY R. HANSON, District Judge, sat.

---

**6.** Although rule 11(i), in its present form, became effective after Montoya entered his conditional plea, we may apply that rule retroactively to the extent that it did not change the law governing the acceptance of conditional pleas. *See State v. Hoff*, 814 P.2d 1119, 1123 (Utah 1991). However, because we would uphold Montoya's conditional plea under both rule 11(i) and prior case law, we need not address the retroactive application of rule 11(i) at this time.

We note that procedures are currently in place which allow this court to amend rule 11(i) to provide for a dispositiveness requirement, either upon the recommendation of its Advisory Committee on the Rules of Criminal Procedure or upon its own initiative. *See* Utah Const. art. VIII, § 4; Utah Code Ann. § 78–2–4. However, we have not received a recommendation or a request to so amend rule 11(i).