**STATE of Utah, Plaintiff and Appellee,**

v.

**Danny RIVERA, Defendant and Appellant.**

No. 930154–CA.

Court of Appeals of Utah.

Nov. 9, 1995.

Joan C. Watt and Elizabeth A. Bowman, Salt Lake Legal Defender Ass'n, Salt Lake City, for Appellant.

Kenneth A. Bronston, Assistant Attorney General, and Jan Graham, State Attorney General, Salt Lake City, for Appellee.

Before BENCH, BILLINGS and HOWE [1], JJ.

## OPINION

HOWE, Justice:

Defendant Danny Rivera appeals from a conviction for possession of a dangerous weapon by a restricted person, a second degree felony, in violation of Utah Code Ann. § 76–10–503 (1995). Having determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," Utah R.App.P. 29(a)(3), we affirm.

## BACKGROUND

Defendant was charged by an information with count I, aggravated robbery; count II, possession of a dangerous weapon by a restricted person; and count III, failure to respond to an officer's signal to stop. At a preliminary hearing on the charges, the magistrate denied defendant's motion to dismiss

**1.** Justice Richard C. Howe acting pursuant to Utah Code Ann. § 78–7–9.5 (1992) and Rule 3– 108(3) of the Code of Judicial Administration.

counts I and II and bound defendant over to stand trial in the district court on all three counts. In the district court, defendant moved to quash the bindover, but the motion was denied. Thereafter, counts I and III were dismissed when defendant entered a conditional no contest plea to count II. As part of that plea, however, he explicitly reserved his right to appeal the adverse ruling on his motion to quash the bindover. *See State v. Sery*, 758 P.2d 935, 937–38 (Utah App.1988). On appeal, this court held that the trial court erred in accepting defendant's conditional plea of no contest. We vacated the plea and remanded the case for trial. *State v. Rivera*, 871 P.2d 1023 (Utah App. 1994). The Supreme Court granted certiorari, *State v. Rivera*, 892 P.2d 13 (Utah 1995), reversed this court, and remanded the case to us for further consideration. *See State v. Montoya*, 887 P.2d 857 (Utah 1994) (stating dispositiveness of preserved issues not a requirement for conditional plea).

The charges against defendant grow out of the robbery of a cashier at a convenience store in Salt Lake County in which the robber exhibited the handle of a gun tucked in his pants. Following the robbery, the robber fled on foot, and the cashier called the police. An officer spotted a truck being driven by "a young-looking male Hispanic with a black T-shirt" about five blocks from where the robbery occurred. The driver's appearance generally coincided with the description the victim gave the police. The officer pulled behind the truck and turned on his overhead lights. The driver did not stop but drove faster. The officer turned on his siren and pursued the truck for several blocks. The truck subsequently lost control and hit a bus bench. The driver then fled on foot, jumped into a slowly moving car, and was ultimately apprehended. The officer identified the driver of the truck as defendant. After police handcuffed defendant, an assisting officer searched the truck and found a Ruger P85 9mm handgun on the floor of the truck. About an hour after the robbery occurred, the victim was taken to the scene of arrest and there identified defendant as her assailant. Several months later, however, the victim attended a lineup and identified an individual other than defendant as her assailant.

## ANALYSIS

Defendant appeals, contending the trial judge erred in denying his motion to quash the bindover on count II, possession of a dangerous weapon by a restricted person. The parties agree that the standard enunciated in *State v. Anderson*, 612 P.2d 778 (Utah 1980), governs this case, i.e., "[t]he probable cause showing at the preliminary examination must establish a prima facie case against the defendant from which the trier of fact could conclude that the defendant was guilty of the offense as charged." *Id.* at 783. Defendant correctly points out that it is undisputed that the truck that he was driving when he was apprehended was owned by George Maxwell who had loaned the truck to his son, David Maxwell, several months prior to the robbery. George Maxwell did not own a Ruger handgun. David Maxwell was a friend of defendant and had loaned the truck to defendant's girlfriend, Lily. David Maxwell owned a 9mm Ruger, but he did not keep it in the truck nor was it in the truck when he loaned the truck to Lily. He had possession of the gun at the time the robbery occurred, but it was stolen from him thereafter, about one month prior to the preliminary hearing.

The prosecution's theory in support of the bindover on count II is that defendant, a restricted person, had constructive possession of a gun found in the truck upon his arrest. In order to establish constructive possession, the prosecution must prove "that there was a sufficient nexus between the accused and the [item] to permit an inference that the accused had both the power and the intent to exercise dominion and control over the [item]." *State v. Fox*, 709 P.2d 316, 319 (Utah 1985). In that case, the supreme court clarified that "whether a sufficient nexus between the accused and the [item] exists depends on the facts and circumstances of each case." *Id.* (citing *State v. Anderton*, 668 P.2d 1258, 1264 (Utah 1983)).

We conclude there is probable cause to believe that defendant was in constructive possession of the gun. An officer found the gun on the floorboard of the passenger side

of the truck defendant had been driving. The officer thought it was in front of the seat. The owner of the truck did not own a Ruger gun. The owner's son to whom he had loaned the truck did own such a gun, but he was in possession of it at the time of the robbery. It is true, as pointed out by defendant, that the State did not introduce any evidence that defendant owned the gun or knew of its presence in the truck. However, it is undisputed that defendant had exclusive possession of the truck at the time that the gun was discovered. Even if defendant's girlfriend to whom David Maxwell had loaned the truck actually owned the gun, it would not negate a finding of defendant's constructive possession when it was shown that he had dominion and control over the gun which was in plain sight. *See State v. Banks,* 720 P.2d 1380, 1384–85 (Utah 1986); *State v. Bradshaw,* 680 P.2d 1036, 1041 (Utah 1984). Furthermore, there was evidence that when defendant was fleeing from the officers, he attempted to return to the truck and to reach into the cab as if to obtain the gun. There was also evidence that a Hispanic man robbed the victim by threatening the use of a handgun. The police apprehended defendant a short time later, not far from the convenience store, driving a truck in which a handgun was found. Accordingly, the trial court did not err in refusing to quash the bindover on count II.

Defendant next contends that the district court erred in denying his motion to quash the bindover on count I, aggravated robbery. We deem it unnecessary and, in fact, improper to analyze this contention since both count I and III were dismissed when defendant entered a conditional plea to count II. Defendant points out that the State agreed to the use of a conditional plea in this case, and defendant explicitly reserved his right to appeal the trial court's denial of his motion to quash both counts. This court, however, cannot be bound by a stipulation of the parties to render an opinion on an issue which is not properly before us. Utah R.Crim.P. 11(i) states:

> With approval of the court and the consent of the prosecution, a defendant may enter a conditional plea of guilty, guilty and men-

tally ill, or no contest, reserving in the record the right, on appeal from the judgment, to a review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

We interpret this rule to permit the review of the denial of pretrial motions which were made in connection with the charge to which the defendant entered a plea. It does not allow review of the denial of pretrial motions relating to charges which were dismissed and to which the defendant did not enter a plea.

Judgment and conviction affirmed.

BENCH and BILLINGS, JJ., concur.