STATE of Utah, Plaintiff
and Respondent,

v.

Danny RIVERA, Defendant
and Petitioner.

No. 960104.

Supreme Court of Utah.

Aug. 12, 1997.

Jan Graham, Atty. Gen., Christine Soltis, Kenneth A. Bronston, Salt Lake City, for plaintiff and respondent.

Joan C. Watt, Elizabeth A. Bowman, Salt Lake City, for defendant and petitioner.

DURHAM, Justice:

Defendant Danny Rivera was charged on three criminal counts: aggravated robbery (count I), possession of a dangerous weapon by a restricted person (count II), and failure to respond to an officer's signal to stop (count III). After he was bound over from the magistrate to the district court, he moved to quash the bindover as to counts I and II. The district court denied this motion. Rivera consequently entered into a plea agreement with prosecutors whereby he entered a conditional plea of no contest to count II in exchange for the dismissal of counts I and III. Rivera's plea explicitly preserved his right to appeal the issue of whether bindover as to counts I and II had been proper. The plea bargain agreement states:

> Both parties agree Mr. Rivera has the right to appeal the court's ruling on the Motion to Quash the bindover as well as the right to withdraw his no contest plea should he prevail on appeal.... Plea is conditional under *State v. Sery*[, 758 P.2d 935, 939 (Utah Ct.App.1988) ].

In *State v. Sery*, the Utah Court of Appeals held that conditional pleas are permissible in Utah even in the absence of any statute or rule authorizing them. *Id.* This

court subsequently approved the *Sery* holding on this issue by adopting a rule permitting conditional pleas:

> With approval of the court and the consent of the prosecution, a defendant may enter a conditional plea of guilty, guilty and mentally ill, or no contest, reserving in the record the right, on appeal from the judgment, to a review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Utah R.Crim. P. 11(i).

Rivera's no-contest plea was expressly conditioned on the court of appeals' reviewing and affirming the bindover issue on appeal, and both the prosecutor and the court agreed to permit Rivera to withdraw his plea should the court of appeals rule that count I or count II was erroneously bound over for consideration by the district court. On the basis of the conditional plea agreement, the district court entered a judgment of conviction against Rivera for possession of a dangerous weapon by a restricted person.

Rivera subsequently appealed the court's denial of his motion to quash, but the court of appeals initially vacated Rivera's plea on the theory that a defendant may not enter a conditional plea on a nondispositive issue. *State v. Rivera,* 871 P.2d 1023, 1026 (Utah Ct.App.1994) (*Rivera I*). The court of appeals' decision in *Rivera I* was vacated in light of our decision in *State v. Montoya,* 887 P.2d 857 (Utah 1994), wherein we concluded that an issue may be preserved by a conditional plea whether the issue is dispositive or not. *Id.* at 859–60. On remand, the court of appeals reviewed the district court's decision to permit bindover of counts I and II against Rivera.

As to count II, possession of a dangerous weapon by a restricted person, the court of appeals found that there was probable cause to support the prosecution, and the bindover was therefore upheld. *State v. Rivera,* 906 P.2d 318, 320 (Ct.App.1995) (*Rivera II*), *cert. granted,* 917 P.2d 556 (Utah 1996). As to count I (aggravated robbery), however, the court of appeals refused to review the trial court's denial of Rivera's motion to quash. The court found that Utah Rule of Criminal

Procedure 11(i) "does not allow review of the denial of pretrial motions relating to charges which were dismissed and to which the defendant did not enter a plea." *Id.* Because count I against Rivera had been dismissed under the terms of the conditional plea bargain, the court of appeals found that bindover was unreviewable as to that count. The court consequently affirmed Rivera's conviction on count II, possession of a dangerous weapon by a restricted person. Rivera petitioned this court for certiorari, which we granted. 917 P.2d 556 (Utah 1996).

 Rivera argues that the court of appeals must either review the bindover permitted by the trial court as to count I or, in the alternative, permit him to withdraw his no-contest plea entered on the condition that review be permitted. He seeks a remand of the case to the court of appeals with an explicit order that that court review the trial judge's denial of his motion to quash the bindover of the aggravated robbery charge. If we should find that such a review is not required, Rivera urges us to vacate his conviction on the charge of possession of a dangerous weapon by a restricted person and remand the case to the trial court, allowing Rivera to withdraw his conditional plea for failure of the condition upon which it was based. Rivera's arguments present a question of law for which we review the decision of the court of appeals for correctness. *Montoya,* 887 P.2d at 858; *see also State v. Pena,* 869 P.2d 932, 936 (Utah 1994) (questions of law are reviewed for correctness).

Nothing in our decision in *Montoya* or the court of appeals' decision in *Sery* suggests any justification for the court of appeals' finding that pretrial motions relating to dismissed charges are not subject to review. *See Rivera II,* 906 P.2d at 320. Nor does anything in Utah Rule of Criminal Procedure 11(i) prevent review of a pretrial motion concerning a charge that has been dismissed through the parties' conditional plea agreement. In *Montoya,* we cited the "plain language" rule of statutory interpretation in reading rule 11(i), stating that "where language is clear and unambiguous, we will construe that language according to its plain meaning." *Montoya,* 887 P.2d at 860 (cita-

tions omitted). Reading the plain language of rule 11, we concluded that "rule 11(i) allows a defendant entering a conditional plea to reserve the right to appeal 'the adverse determination of *any* specified pre-trial motion.'" *Id.* (quoting Utah R.Crim. P. 11(i)) (emphasis in *Montoya*).

The State does not argue that either rule 11(i) or the cases on conditional pleading permit a court to refuse review of issues preserved by a conditional plea. Instead the State relies on "[f]undamental rules of justiciability." The State argues that the bindover issue is now moot as to the aggravated robbery charge because that charge was dismissed and therefore any opinion proffered by a court of appeal would be purely advisory. We disagree. Under *State v. Sims,* 881 P.2d 840 (Utah 1994), "[a]n issue on appeal is considered moot when 'the requested judicial relief cannot affect the rights of the litigants.'" *Id.* at 841 (quoting *Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989)). The relief Rivera requests would certainly affect his rights; favorable resolution of the bindover issue would permit Rivera to exercise the right he preserved—through his bargain with the State—to withdraw his no-contest plea as to count II, the possession of a dangerous weapon charge. If the court of appeals reviews Rivera's bindover on the aggravated robbery charge and fails to find probable cause for that bindover, Rivera will be permitted to withdraw his no-contest plea as to count II. *See* Utah R.Crim. P. 11(i); *Sery,* 758 P.2d at 939–40. This is the only count upon which he has been convicted, and the State secured this conviction solely on the basis of a no-contest plea which Rivera entered with the understanding and on the condition that his bindover as to counts I *and* II would be reviewed.

Rivera entered into a plea bargain on the assumption that he was facing charges on three counts. He pleaded no contest to count II to avoid facing charges on counts I and III, but he expressly reserved his right to appeal the court's decision to permit prosecution under counts I and II. Rivera proceeded on the understanding that if he won on appeal, he could renegotiate with the prosecutor for a new agreement. Indeed, if the court of appeals reviews the bindover as to count I and reverses the district court on this issue, Rivera will be in the position to negotiate a more favorable agreement with the prosecutor because he will be facing prosecution only for illegal possession of a firearm and failure to stop, not for aggravated robbery. Alternatively, Rivera may decide not to negotiate at all but to defend himself against the remaining charges in court.

The State claims, "The dismissal of the aggravated robbery charge following the conditional plea agreement gave petitioner precisely the relief that petitioner sought when he first moved to dismiss and then later to quash the bindover as to that charge." However, Rivera moved to quash bindover as to *two* charges; he has now been convicted of one crime on the basis of a bargain he struck to have the other charge dismissed. In contract terms, Rivera made a conditional offer to plead no contest in reliance on the promise that the court's bindover decision would be reviewed and that he would be able to withdraw his offer in the event of a favorable result. Rivera's offer cannot be enforced until the condition he relied on is satisfied. For this reason, the court of appeals' decision to enforce a conviction reached on the basis of Rivera's conditional plea while refusing to review his bindover as to count I is unfair and therefore contrary to the public policy articulated in Utah Rule of Criminal Procedure 1(b): "These rules are intended and shall be construed to secure simplicity in procedure, *fairness in administration,* and the elimination of unnecessary expense and delay." (Emphasis added.)

For the foregoing reasons, we reverse that portion of the court of appeals' decision in which the court refused to review the trial judge's denial of Rivera's motion to quash bindover of the aggravated robbery charge, and we remand this case to the court of appeals for a review of the decision to bind Rivera over to district court on charges of aggravated robbery.

ZIMMERMAN, C.J., STEWART, Associate C.J., RUSSON, J., and JAMES L. SHUMATE, District Judge, concur in Justice DURHAM's opinion.

HOWE, J., having disqualified himself, does not participate herein; James L. Shumate, District Judge, sat.