2001 UT 85

**STATE of Utah, Plaintiff and Appellee,**

v.

**Cameron T. LOPES, Defendant and Appellant.**

No. 20000309.

Supreme Court of Utah.

Oct. 12, 2001.

Mark L. Shurtleff, Att'y Gen., Kenneth A. Bronston, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Linda M. Jones, Michael A. Peterson, Salt Lake City, for defendant.

DURRANT, Justice:

¶ 1 Cameron Lopes pleaded guilty to murder, a first degree felony. *See* Utah Code Ann. § 76–5–203 (1995).[1] He further pleaded guilty to using a dangerous weapon in the commission of that crime, *see* Utah Code Ann. § 76–3–203 (Supp.1996), and to committing it in concert with two or more persons. *See* Utah Code Ann. § 76–3–203.1 (1995). Based on these pleas, the trial court imposed a murder sentence, together with two enhancements to that sentence, a weapons enhancement under section 76–2–203 of the Utah Code and a gang enhancement[2] under section 76–3–203.1.

¶ 2 In entering his guilty plea to the gang enhancement statute, Lopes preserved his right to challenge, before an appellate court, the constitutionality of that statute. On appeal, we held that the gang enhancement statute was unconstitutional in part, ruling that, while the gang enhancement statute provided that the determination of its applicability was to be made by the trial court judge, this determination must be made, instead, by the fact finder. *State v. Lopes,* 1999 UT 24, ¶¶ 16–20, 980 P.2d 191 ("*Lopes I* "). Further, we ruled that a violation of the gang enhancement statute must be proven beyond a reasonable doubt. *Id.* at ¶¶ 13–15. Accordingly, we remanded the case for a trial on the gang enhancement charge. *Id.* at ¶¶ 21–22.

¶ 3 On remand, the State elected not to seek enhancement of Lopes's sentence under the gang enhancement statute, but, rather, sought a modification of Lopes's sentence to reflect a conviction for murder, with only a weapons enhancement. The trial court modi-

fied the sentence accordingly. Lopes objected to this course and now appeals, arguing that, following our decision in *Lopes I,* he was entitled to a trial on the charge of murder, with weapons and gang enhancements, and that he was not merely entitled to have his sentence modified. He contends this result is proper because (1) he conditionally pleaded guilty to a single crime—murder, with weapons and gang enhancements—and because we held one element (gang enhancement) of that crime was unconstitutional, he is entitled to a trial on the entire charge against him, (2) if his guilty pleas to murder, with weapons enhancement, were unconditional, they were not knowingly or voluntarily made, and (3) the language of our prior decision in *Lopes I* requires that Lopes be given a "new trial." *Id.* at ¶ 22. We affirm.

## BACKGROUND

¶ 4 On February 22, 1996, Lopes and at least two other persons went to the home of Jimmy DeHerrera to retaliate for a friend's shooting a week earlier. They arrived at DeHerrera's home at about 6:00 a.m. Each was armed. Standing on DeHerrera's front porch, the group noticed the window to the living room was open. Looking inside, they saw Joey Miera asleep on the floor. One of the persons with Lopes fired two shots, killing Miera instantly.

¶ 5 Lopes was later arrested and charged with murder. Further, he was informed that, if convicted, the State would seek to enhance his prison sentence under Utah's weapon and gang enhancement statutes. Lopes pleaded not guilty. He then asked the trial court to declare section 76–3–203.1 of the Utah Code, the gang enhancement statute, unconstitutional. The trial court denied this motion.

¶ 6 Before Lopes's trial he entered into a plea bargain with the State. In return for the State's dismissing other pending charges

---

1. Throughout this opinion, we cite to the version of the Utah Code applicable to Lopes.

2. While section 76–3–203.1 of the Utah Code does not refer to a "gang enhancement," nevertheless, "we have previously referred to the statute under its commonly known name, [i.e., the

gang enhancement statute], and we will continue to do so for ease of reference." *State v. Lopes,* 1999 UT 24, ¶2 n. 1, 980 P.2d 191 (citation omitted). In this opinion, we use "gang enhancement" interchangeably with "group criminal activity" enhancement.

against him for discharge of a firearm at a person or building, tampering with evidence, and aggravated arson, Lopes agreed to plead guilty to murder, with sentencing enhancements for use of a weapon and group criminal activity.

¶ 7 Nevertheless, Lopes continued to maintain that the gang enhancement statute was unconstitutional and wished to preserve the issue for appeal. Accordingly, when the trial court took Lopes's guilty plea for murder with sentencing enhancements for use of a weapon and group criminal activity, Lopes's counsel requested that the trial court divide the plea into three distinct segments: murder, weapons enhancement, and gang enhancement. Lopes first pleaded guilty to murder. The trial court then asked Lopes's counsel how he wished to proceed with the remaining two portions of the crime. Lopes's counsel responded, "Your Honor, we wish to enter [a *Sery* ][3] plea relative to the gang enhancement provision under 76–3–203.1." The court then asked Lopes for his plea "[a]s to the gang-enhancement statute found at 76–3–203.1." Lopes answered, "Guilty under [*State v. Sery* ]." Finally, Lopes pleaded guilty to violating the weapons-enhancement statute.

¶ 8 After entering these pleas, Lopes appealed the trial court's determination that the gang enhancement statute was constitutional. On appeal, we concluded that a violation of the gang enhancement statute must be proven beyond a reasonable doubt, *Lopes I*, 1999 UT 24, ¶ 13, 980 P.2d 191, and that, despite the terms of the gang enhancement statute to the contrary, the Utah Constitution requires the fact finder to determine whether such a violation occurred. *Id.* at ¶¶ 16–17. Accordingly, we severed the offensive portion of the statute, reversed the trial court's ruling, and then remanded for a trial on the gang enhancement charge. *Id.* at ¶¶ 18–22.

¶ 9 On remand, the State elected not to pursue the gang enhancement charge and sought a conviction only for murder with a weapons enhancement. Lopes objected to this course, arguing that our decision in *Lopes I* entitled him to a trial, not merely to modification of his sentence. The trial court rejected Lopes's argument, dismissed the State's original request that the gang enhancement statute be applied in sentencing, and modified the previous sentence accordingly. Lopes now appeals this ruling.

## DISCUSSION

¶ 10 On appeal, Lopes contends the trial court below erred in failing to hold a trial for murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity, on remand from *Lopes I* because (1) his original pleas were entirely conditioned on the outcome of *Lopes I*, (2) if the guilty plea to the group criminal activity sentencing enhancement was the only conditional plea, the unconditional pleas for murder, with a weapons enhancement, were not entered knowingly and voluntarily, and (3) our order in *Lopes I* contemplated that, on remand, Lopes would be given a trial on the charge of murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity, and not simply on the group criminal activity portion of that charge.

¶ 11 In addressing these issues, we keep in mind that the decision to deny a motion for a new trial is reviewed "only for an abuse of discretion," although "[a]ny legal determinations made by the trial court as a basis for its denial of a new trial motion are reviewed for correctness." *State v. Loose*, 2000 UT 11, ¶ 8, 994 P.2d 1237. The issues before us involve legal determinations; and, thus, we review the trial court's decisions for correctness.

## I. LOPES'S GUILTY PLEAS

¶ 12 Lopes contends that when he entered his guilty pleas for murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity, those pleas were

---

**3.** In *State v. Sery*, the Utah Court of Appeals recognized the validity of a conditional guilty plea. 758 P.2d 935, 938–39 (Utah Ct.App.1988); *see also State v. Rivera*, 943 P.2d 1344, 1344–45 (Utah 1997) (endorsing this aspect of *Sery* ); Utah R.Crim. P. 11(i) (allowing conditional guilty plea). Conditional guilty pleas are sometimes referred to as *Sery* pleas.

all conditioned on the outcome of *Lopes I* and that, if these pleas were not each conditioned on the outcome of *Lopes I*, he did not knowingly and voluntarily enter them. We conclude that Lopes's pleas to murder with a sentencing enhancement for use of a dangerous weapon were unconditional and that these pleas were made knowingly and voluntarily.

### A. Whether Lopes's Pleas Were Entirely Conditional

¶ 13 The first issue before us is whether Lopes's pleas to murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity, were entirely conditioned on the outcome of *Lopes I*. Lopes contends that these pleas were, in fact, conditional and that the reason he raised *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988), in relation to only the gang enhancement portion of the plea-taking, was simply to ensure that this issue was preserved for appeal.

¶ 14 Our analysis of this contention centers on the colloquy that occurred when Lopes changed his plea to guilty. During that colloquy, the trial court asked Lopes how he pleaded to the charge of murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity. Before Lopes could respond, his trial counsel stated, "Your Honor, could you take that a piece at a time if you don't mind. Because I've got to preserve [*Sery* ] exactly." The trial court agreed to do so, and Lopes pleaded guilty to the charge of murder as follows:

> The Court: As to Count One, criminal homicide murder, a first degree felony, Mr. Mierra, excuse me, Mr. Lopes, having caused the death of Mr. Mierra. How do you plead, sir?

> Mr. Lopes: I plead guilty to the last alternative, under the last alternative.

> The Court: As to evidencing depraved indifference to human life that you engaged in conduct which created a grave risk of death of another and thereby caused the death of Joey Mierra?

> Mr. Lopes: Yes.

> The Court: All right. I do find, Mr. Lopes, that your plea is knowingly and voluntarily made. I'll therefore receive it and enter it as a conviction at this time.

The trial court then asked Lopes's trial counsel how he wished to proceed, and the following colloquy ensued:

> Defense: Your Honor, we wish to enter [a *Sery* ] plea relative to the gang enhancement provision under 76–3–203.1. If you want to inquire about this plea, I would advise Cameron Lopes to say guilty under *State v. [Sery]* because we are specifically meaning to appeal the Court's ruling on the constitutionality of the gang enhancement provision. Again, our problem is, Judge, that the legislature has taken a fact finding out of the hands of the jury and submitted it to the Court unconstitutionally.

> The Court: All right. As to the gang enhancement statute found at 76–3–203.1, as to that enhancement, Mr. Lopes, how do you plead?

> Mr. Lopes: Guilty under *State v. [Sery]*.

After entering this *Sery* plea, Lopes then entered his plea to the weapons enhancement:

> The Court: All right. And as to the firearm enhancement, Mr. Lopes, how do you plead?

> Mr. Lopes: Guilty as a party to the offense.

> The Court: All right. I do find that your plea of guilty to all of the above is knowingly and voluntarily made. I'll, therefore, enter them as a conviction at this time.

As we read the colloquy, there is no suggestion that Lopes made each plea conditional while preserving only the gang enhancement issue for appeal. Rather, he entered a conditional plea only as to the gang enhancement portion of the crime. By entering his pleas in this form, Lopes was able to obtain an agreement from the State to dismiss pending charges against him for discharge of a fire-

arm at a person or building, tampering with evidence, and aggravated arson. We conclude Lopes intended only his plea to the group criminal activity portion of the charge to be conditional.

### B. Whether Lopes's Pleas Were Knowingly and Voluntarily Made

¶ 15 Having determined Lopes's pleas to murder, with a weapons enhancement, were unconditional, we now address Lopes's contention that he did not knowingly and voluntarily enter these pleas. Lopes's only argument on this point is that he was unaware of the consequences of entering partly conditional (and, thus, partly unconditional) guilty pleas. We disagree.

¶ 16 The plea colloquy demonstrates clearly that Lopes was provided with the two possible results of entering his pleas, namely, that he might or might not be able to withdraw his pleas after a successful appeal. The trial court specifically asked Lopes if he understood the possibility that, even if successful in challenging the gang enhancement statute's constitutionality on appeal, "you may not be able to withdraw your guilty [pleas], you may simply have your sentence adjusted." Lopes responded, "Yes." Thus, Lopes understood that, even if successful on appeal as to the gang enhancement statute, as he was, his pleas might still stand. We conclude this understanding was sufficient to make his pleas both knowing and voluntary.

## II. INTERPRETING LOPES I

¶ 17 Lopes further contends that even if he did, in fact, knowingly and voluntarily enter unconditional guilty pleas to murder, with a sentencing enhancement for use of a dangerous weapon, the remand order of Lopes I requires a trial on this charge even though the State elected to dismiss the gang enhancement. We disagree with this reading of Lopes I.

¶ 18 Under the "mandate rule" of the law of the case doctrine, the trial court below was bound to follow our directions in Lopes I. See Thurston v. Box Elder County, 892 P.2d 1034, 1037–38 (Utah 1995). Whether the trial court did so hinges on the interpretation of our remand order in Lopes I. The crucial question, then, is what we meant when we "remand[ed the case] for a new trial on the gang enhancement charge." State v. Lopes, 1999 UT 24, ¶ 21, 980 P.2d 191.

¶ 19 Lopes contends that this language, together with the rules of appellate and criminal procedure, required that he be allowed to withdraw his guilty pleas as to the entire charge against him, i.e., murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity, and have a trial on this charge. We disagree. As to the language in Lopes I, nowhere in that opinion did we state the necessity to try the charge of murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity. Rather, in remanding "for a new trial on the gang enhancement charge," id., we contemplated only that Lopes be afforded a trial as to that portion of the charge against him.

¶ 20 We also disagree with Lopes's contention that the Utah Rules of Criminal Procedure and the Utah Rules of Appellate Procedure require a trial for murder, with sentencing enhancements for use of a dangerous weapon and group criminal activity. Rule 28(a) of the Utah Rules of Criminal Procedure states in part, "If a judgment of conviction is reversed, a new trial shall be held unless otherwise specified by the appellate court." Similarly, rule 30(b) of the Utah Rules of Appellate Procedure provides in part, "If a judgment of conviction is reversed, a new trial shall be held unless otherwise specified by the court." As we read them, neither rule requires a trial in this case.

¶ 21 These rules only contemplate a trial on all issues unless the appellate court directs otherwise. Here, as noted above, we have directed otherwise, remanding for a trial only on the sentencing enhancement for the group criminal activity portion of the charge against Lopes. Accordingly, we conclude that neither the Utah Rules of Appellate Procedure nor the Utah Rules of Criminal Procedure require the trial court to provide Lopes with a trial now that the trial court has dismissed the gang enhancement charge.

## CONCLUSION

¶ 22 We conclude Lopes knowingly and voluntarily entered unconditional guilty pleas to murder, with a sentencing enhancement for use of a dangerous weapon. We further conclude that in *Lopes I* we remanded only for a trial relative to the group criminal activity sentencing enhancement portion of the charge against Lopes. Accordingly, when the trial court dismissed this portion of the charge, it obviated the need for a trial on the matter. We affirm the trial court's decision.

¶ 23 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice WILKINS concur in Justice DURRANT'S opinion.